**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Manuel ORTIZ, Defendant-Appellant.**

**No. 73–1044.**

United States Court of Appeals,
Sixth Circuit.

Dec. 12, 1974.

Joseph A. Dubyak, Cleveland, Ohio (Court appointed), for defendant-appellant.

Fredrick M. Coleman, U. S. Atty., Frank A. Justen, Toledo, Ohio, for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and EDWARDS and PECK, Circuit Judges.

EDWARDS, Circuit Judge.

Appellant Manuel Ortiz was convicted after jury trial in the United States District Court for the Northern District of Ohio, Western Division, on a charge of receiving and concealing a stolen motor vehicle, in violation of 18 U.S.C. § 2313 (1970). He was sentenced to one year and a day.

The proofs upon which the jury acted included these undisputed facts. Ortiz and a companion were stopped on the Ohio Turnpike when they had no money to pay the toll. A radio check advised the officer who was making out the unpaid toll report that the 1968 Chevrolet Ortiz was driving had been stolen the previous day in New York City. Thereupon Ortiz was arrested, given Miranda warnings, and searched. A car registration and a Bank Americard card in the name of Paula Ortiz of New York City were found and were later introduced in evidence. Paula Ortiz (apparently no relation to appellant) testified that she owned the car in question and that it had been stolen while parked near her work. She also testified that she had been parking her car overnight in the Crotona Park Garage in the Bronx, that the garage kept a key to the car, that she knew appellant Manuel Ortiz since he had worked several weeks at the Crotona Park Garage just before the car was stolen and had parked her car. She also said that she had bought the car for $2,600 two years before it was stolen.

Paula Ortiz also testified that when the car was returned to her after it had been stolen, it came back with a different key in it, and that there was a key making shop near the Crotona Park Garage.

An employee of the Crotona Park Garage testified that appellant had worked at the garage for several weeks before the theft of the car in question, and added the information that there was a place nearby which made duplicate keys.

Statements from appellant were introduced by testimony of a state highway patrolman and an FBI agent who also testified that Miranda warnings had been given to appellant before questioning. Appellant had first indicated that his companion was the owner of the car and later that he (appellant) had bought the car for $265 in New York City from a man unknown to him. He said that this man had given him the registration and the credit card in the name of Paula Ortiz. At the trial appellant did not take the stand but his companion in the automobile when arrested testified that appellant had told him that he had bought the car for $265 in New York City.

Three appellate contentions are presented: First, that appellant's statements should not have been admitted, since he did not understand the Miranda warnings due to language difficulty; second, that an FBI agent testified to appellant's prior arrest record; and third, that the District Judge erred in charging that the jury could infer knowledge that property had been stolen from unexplained possession of property recently stolen and recently transported across state lines.

■ As to the first issue, we find no error. No motion to suppress appellant's statements was made and the record would support the finding that Miranda warnings had been given, had been understood, and that the statements now complained of had been voluntarily furnished.

As to the charge complained of, we find no error. This instruction is clearly within the sanction of a recent Supreme Court opinion. Barnes v. United States, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973).

The only appellate issue of significance in this case pertains to the testimony of an FBI agent concerning appellant's prior arrest record. We read the government's brief as confessing error in this regard. While the claim is advanced that the testimony was inadvertent and appellant's brief appears to accept this, we do not agree. Agents of the Federal Bureau of Investigation know from their training and experience that records of arrests not resulting in conviction are not generally admissible in evidence and that reference to such on the witness stand usually would be prejudicial and reversible error. The fact that appellant's trial counsel did not object or move to strike does not serve to waive this sort of error, nor does it excuse the failure of the judge to intervene and strike the offending testimony and instruct the jury to disregard it. Fed.R. Crim.P. 52(b); United States v. Gray, 468 F.2d 257 (3d Cir. 1972); United States v. Garber, 471 F.2d 212 (5th Cir. 1972).

The only reason in this case for this court to fail to treat the introduction of this evidence as plain error is that our review of the whole transcript of the trial convinces us that the evidence of appellant's guilt was so overwhelming that this example of overkill could not possibly have influenced the outcome or "affect[ed] substantial rights" of appellant. Fed.R.Crim.P. 52(a); Kotteakos v. United States, 328 U.S. 750, 765, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946); United States v. Sidman, 470 F.2d 1158, 1163 (9th Cir. 1972), cert. denied, 409 U.S. 1127, 93 S.Ct. 948, 35 L.Ed.2d 260 (1973). We can think of no possible innocent explanation of appellant's possession and use of Paula Ortiz's license, registration and credit card, in addition to her car.

The judgment of the District Court is affirmed.