UNITED STATES of America,
Plaintiff-Appellee,

v.

Lanis HURST and Thomas Eugene
Sims, Defendants-Appellants.

No. 74–1040.

United States Court of Appeals,
Sixth Circuit.

Decided and Filed Feb. 10, 1975.

Thomas Eugene Sims, Lanis Hurst, Timothy A. Fischer (Court-appointed— CJA), Cincinnati, Ohio, for defendants-appellants.

Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., Loren G. Keenan, Asst. U. S. Atty., for plaintiff-appellee.

Before WEICK, EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

Appellant appeals from his conviction by a jury on a charge of armed bank robbery, in violation of 18 U.S.C. § 2113(a) (1970). Proofs of guilt tendered at trial included eyewitness identification of the defendants by persons in the bank at the time of the robbery and testimony by two witnesses that Sims was in possession of First National City Bank of New York travelers checks (which had been part of the loot taken from the bank) immediately after the date of the robbery. It also included testimony by FBI Agent Crawford quoting Sims, after being advised of his Constitutional rights:

> Q What, if anything, did he say to you at that time?
>
> A He stated that he anticipated that he would be arrested on this charge—
>
> THE COURT: Excuse me. I cannot hear you.
>
> A —that he anticipated that he would be arrested on this charge and pretty much resolved himself to the fact that he would be doing twenty years for this offense. He also made a remark that he knew it was bad when he left the place.

Q (By Mr. Heikkinen) Is that the extent of his remarks?

A There was something said in jest somewhat—"You win some, you lose some, and I knew it was bad when I left the place."

MR. HEIKKINEN: No further questions.

Defendants did not take the stand and the jury verdict was returned within an hour after the Judge's charge. Each defendant was sentenced to 20 years.

■ On appeal the only issues presented concern FBI Agent Crawford's testimony. Appellant Sims asserts that Crawford took notes and destroyed them, in violation of the Jencks Act, 18 U.S.C. § 3500 (1970), and Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In this instance the FBI Agent testified that he dictated his report and then destroyed handwritten notes which had not been submitted to or signed or approved by the defendant Sims. No request was made for production of the FBI report.

We have previously dealt with this issue and held that where the agent's report is available and produced on request, the destruction of his interview notes is not a violation of either the Jencks Act or applicable case law. United States v. Lane, 479 F.2d 1134 (6th Cir.), cert. denied, 414 U.S. 861, 94 S.Ct. 78, 38 L.Ed.2d 112 (1973). See also United States v. Lonardo, 350 F.2d 523 (6th Cir. 1965).

■ The second issue posed by appellants pertains to the FBI Agent's response to a question bearing on the Miranda warning he gave to defendant Sims. Asked whether Sims had been advised of his Constitutional rights, Crawford replied: "Well, he was displayed an interrogation-advice of rights form. To make it clear, he was in a cell at the time of his initial arrest."

We have recently had occasion to discuss the volunteering of information which would lead the jury to the conclusion that a defendant had a prior criminal record. In United States v. Ortiz, 507 F.2d 1224 (6th Cir. 1974), this court said:

The only appellate issue of significance in this case pertains to the testimony of an FBI agent concerning appellant's prior arrest record. We read the government's brief as confessing error in this regard. While the claim is advanced that the testimony was inadvertent and appellant's brief appears to accept this, we do not agree. Agents of the Federal Bureau of Investigation know from their training and experience that records of arrests not resulting in conviction are not generally admissible in evidence and that reference to such on the witness stand usually would be prejudicial and reversible error. The fact that appellant's trial counsel did not object or move to strike does not serve to waive this sort of error, nor does it excuse the failure of the judge to intervene and strike the offending testimony and instruct the jury to disregard it. Fed. R.Crim.P. 52(b); United States v. Gray, 468 F.2d 257 (3d Cir. 1972); United States v. Garber, 471 F.2d 212 (5th Cir. 1972).

The only reason in this case for this court to fail to treat the introduction of this evidence as plain error is that our review of the whole transcript of the trial convinces us that the evidence of appellant's guilt was so overwhelming that this example of overkill could not possibly have influenced the outcome or "affect[ed] substantial rights" of appellant. Fed.R.Crim.P. 52(a); Kotteakos v. United States, 328 U.S. 750, 765, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946); United States v. Sidman, 470 F.2d 1158, 1163 (9th Cir. 1972), cert. denied, 409 U.S. 1127, 93 S.Ct. 948, 35 L.Ed.2d 260 (1973). Id. at 1226.

Like the Ortiz case, the volunteered statement by Agent Crawford was not responsive and we do not accept any contention that it was inadvertent. But also like the Ortiz case, the proofs of guilt here are so great that again we

deem the harmless error rule applicable. Fed.R.Crim.P. 52(a).

The judgment of the District Court is affirmed.