**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joe LEWIS, Defendant-Appellant.**

**No. 75–1541.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 16, 1975.

Decided Nov. 17, 1975.

---

1294

Jack E. Farley, Pikeville, Ky. (Court appointed), for defendant-appellant.

Eugene E. Siler, Jr., U. S. Atty., Robert M. Murphy, James E. Arehart, Asst. U. S. Attys., Lexington, Ky., for plaintiff-appellee.

Before EDWARDS, CELEBREZZE and LIVELY, Circuit Judges.

PER CURIAM.

Appellant seeks reversal of his conviction for possession of a firearm, in violation of 18 U.S.C. § 1202 App. (1970). There clearly was evidence at trial from which the jury could have concluded that appellant, who admittedly had a prior felony conviction, had a .22 calibre pistol in his possession on the date charged in the indictment. The statute at issue has been upheld as to constitutionality under the interstate commerce clause of the Federal Constitution, U.S.Const. art. I, § 8, cl. 3, and the supremacy clause of the Federal Constitution, U.S.Const. art. VI, cl. 2, requires enforcement of the statute against citizens of Kentucky.

The most disturbing issue in the case pertains to the questioning of defendant concerning a felony conviction other than the one charged as a basis for the indictment. While this may have been appropriate as an attack on appellant's credibility, it was also established at trial that in fact the conviction referred to by the United States Attorney had been reversed. Our inspection of the record indicates that inadvertence rather than bad faith occasioned this question and that on the whole record of this trial it can properly be termed harmless error. We would, however, point out that questioning about prior felony convictions is a hazardous prosecutorial practice unless the United States Attorney has definite knowledge that the conviction took place and has not been overturned.

The judgment of conviction is affirmed.