**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Benjamin ANDREA, Defendant-Appellant.**

**No. 75–2380.**

United States Court of Appeals, Sixth Circuit.

Argued June 17, 1976.

Decided July 27, 1976.

Rehearing and Rehearing En Banc Denied Oct. 8, 1976.

Renee S. Siegan, F. Randall Karfonta, William L. Woodard, Detroit, Mich., for defendant-appellant.

Ralph B. Guy, Jr., U.S. Atty., Christopher A. Andreoff, Detroit, Mich., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and EDWARDS and ENGEL, Circuit Judges.

PER CURIAM.

This is an appeal from a conviction following a jury verdict of guilty on a charge of bank robbery unarmed, in violation of 18 U.S.C. § 2113(a) (1970). There was ample evidence to support the jury verdict in eyewitness identification of defendant as the bank robber who handed a threatening demand note to a bank teller, and in the expert witness identification of fingerprints on the envelope upon which the demand had been written, as well as expert testimony that the handwriting on the demand note was that of appellant.

■ Further, if more were needed, the envelope upon which the demand note had been written had previously been mailed to the residence where defendant was residing at the time of the robbery, although it was addressed to a former resident of that address.

■ The only issue in this case, and a major one, pertains to apparently deliberate injection into the record by Federal Bureau of Investigation witnesses of facts which could have conveyed to the jury information pertaining to defendant's incarceration on a different charge. The District Judge, outside of the presence of the jury, admonished the United States against such conduct on the part of its professional witnesses in words that left no doubt that he believed that the offensive statements had been made deliberately rather than by inadvertence. This court has had too many occasions in recent years to warn that such conduct is offensive to the fair administration of justice. In *United States v. Ortiz*, 507 F.2d 1224 (6th Cir. 1974), this court said:

The only appellate issue of significance in this case pertains to the testimony of an FBI agent concerning appellant's prior arrest record. We read the government's brief as confessing error in this regard. While the claim is advanced that the testimony was inadvertent and appellant's brief appears to accept this, we do not agree. Agents of the Federal Bureau of Investigation know from their training and experience that records of arrests not resulting in conviction are not generally admissible in evidence and that reference to such on the witness stand usually would be prejudicial and reversible error. The fact that appellant's trial counsel did not object or move to strike does not serve to waive this sort of error, nor does it excuse the failure of the judge to intervene and strike the offending testimony and instruct the jury to disregard it. *United States v. Ortiz, supra* at 1226.

Nonetheless, in *Ortiz* we affirmed the conviction on the harmless error rule because "the evidence of appellant's guilt was so overwhelming that this example of overkill could not possibly have influenced the outcome or 'affect[ed] substantial rights' of appellant." Fed.R.Crim.P. 52(a).

■ We have reviewed the instant record with care and find that here too the harmless error rule should be applied, although we accept the District Judge's inference that the objectionable material came into the record as a result of deliberate misconduct. Nonetheless, we must observe that the most specific example is an FBI Agent's statement, "this is the left palm print of Benjamin Andrea that I obtained while he was at Ionia State Reformatory on these." The statement could have been considered by the jury as an indication of appellant's incarceration on another crime or, arguably, it could have been understood by them to relate to his incarceration in connection with the present charge.

The other objectionable testimony from another FBI Agent referred to FBI Agents in "Grand Rapids" taking samples from the defendant. While the reference might have led some jurors to wonder what defendant was doing in Grand Rapids, it is hardly as specific as a flat statement that defendant had been convicted of another offense.

Far from ignoring these episodes, the District Judge considered them at length outside the presence of the jury, decided that striking them or immediately giving a cautionary instruction concerning them would serve to emphasize their importance rather than cure the problem, and after admonishing the government, stated his intention to give special instructions, which he gave, to the effect that "the defendant was not on trial for any act or conduct not alleged in the indictment," and "that finger printing of all persons accused of crime was a routine procedure." It should be noted that defense counsel agreed to these instructions and did not move to strike the evidence or seek an immediate cautionary instruction in any instance. This, of course, is not to ignore defense counsel's insistence that the objectionable statements could not be cured and that they warranted grant of his motions for mistrial.

A review of this entire record does not leave us in a position to find that the District Judge abused his discretion in the handling of a difficult problem. This court is considering whether or not it should lay down a rule for this circuit under its supervisory powers to the effect that a mistrial will result in any instance where a statement by a United States Government employee witness suggests that a charged defendant who does not take the stand has been found guilty of another felony. On balance, however, because of the possible ambiguity of the statements we consider here, the careful attention paid to these objectionable practices by the District Judge and the overwhelming nature of the evidence against appellant, we consider this case inappropriate for making such a determination.

The judgment of the District Court is affirmed.