UNITED STATES of America, Plaintiff-Appellee,

v.

**Burley Marion AILSTOCK**

and

**Franklin Arnold Bishop,** Defendants-Appellants.

No. 76–1567.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 18, 1976.

Decided Dec. 30, 1976.

William Bubenzer, Covington, Ky. (Court-appointed CJA), for defendants-appellants.

Eldon Webb, U.S. Atty., Richard E. Duerr, Jr., Lexington, Ky., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, WEICK and CELEBREZZE, Circuit Judges.

WEICK, Circuit Judge.

Appellants, Burley Marion Ailstock and Franklin Arnold Bishop, and their accomplice, Dennis Wayne Lillard, were charged in a two-count indictment with the offense of conspiracy to steal goods and chattels being transported in interstate commerce, with the intent of converting said goods and chattels to their own use, in violation of 18 U.S.C. § 371 (Count I), and with the substantive offense of stealing and converting said goods and chattels in violation of 18 U.S.C. §§ 659 and 2 (Count II).

Ailstock and Bishop were tried in the District Court and convicted by a jury. Ailstock was found guilty on both counts and

was given concurrent sentences of four years on Count I and five years on Count II. Bishop was found guilty on Count I and guilty as an aider and abetter on Count II, and was given concurrent sentences of four years on Count I and two years on Count II.

In their appeal Ailstock and Bishop contend that the uncorroborated testimony of the accomplice, Lillard, was insufficient to support their convictions; and that the Court should have given a stronger jury instruction on the unreliability of accomplice testimony. Appellants further contend that the District Court erred in not declaring a mistrial or giving a cautionary instruction when Lillard testified, in response to questions propounded by the Assistant United States Attorney seeking to elicit testimony, that appellant Ailstock had previously been in prison. We affirm the conviction of Bishop, but reverse as to Ailstock.

I

On June 3, 1975 in the Eastern District of Kentucky a number of cases of liquor, worth $2,810.27, were stolen from a tractor-trailer aboard a railroad car engaged in interstate commerce. Appellants Ailstock and Bishop and their alleged accomplice Lillard were indicted for the theft.

Lillard pleaded guilty to Count I of the indictment charging conspiracy, and in return the Government dismissed Count II against him. He testified for the Government to the effect that on the evening of June 3, 1975 appellants Ailstock and Bishop asked him to join them in the theft of items from a railroad car. The three men drove to Latonia, Kentucky in Bishop's truck. Lillard and Ailstock boarded the moving train, and Ailstock broke into the tractor trailer. Ailstock threw boxes of liquor over the side of the train while Lillard positioned himself as the lookout. Meanwhile, Bishop apparently followed the train in his truck. Lillard testified that the train passed Bishop several times as he was positioned near the railroad tracks. Ailstock later cut the air hose, which brought the train to a stop. After hiding in the weeds for about twenty minutes Lillard and Ailstock walked to the home of Tom and Agnes Jones. Mr. and Mrs. Jones drove them to Route I–71. Lillard and Ailstock then walked to the Sugar Bay Restaurant. Bishop picked them up and the three men returned to Covington, Kentucky.

At the close of the Government's case counsel for the defendants Bishop and Ailstock moved the Court to direct a verdict of not guilty on the ground that there was insufficient evidence to submit the case to the jury. These motions were overruled by the Court.

Defendant Bishop testified on his own behalf that at about 1:30 a. m. on June 4, 1975 he received a telephone call from Lillard, who asked Bishop to pick him up at Sugar Bay, where the restaurant was located. Bishop further testified that Lillard told him that he had been with his brother-in-law and that his car had broken down. Bishop also stated that he had not seen Ailstock with Lillard that night. Bishop testified that he had no knowledge of the alleged crime when he drove to Sugar Bay and returned Lillard to Covington.

Defendant Ailstock did not take the witness stand.

II

■ The Government's case against the appellants was principally based on the uncorroborated testimony of their accomplice, Dennis Lillard. Appellants urge this Court to reconsider the well-settled rule in this Circuit that the uncorroborated testimony of an accomplice may be sufficient to sustain a conviction. *See Caminetti v. United States*, 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442 (1917); *United States v. Ross*, 477 F.2d 551, 552 (6th Cir.), *cert. denied sub nom. Sain v. United States*, 414 U.S. 912, 94 S.Ct. 252, 38 L.Ed.2d 150 (1973); *United States v. Willis*, 473 F.2d 450, 454 (6th Cir.), *cert. denied*, 412 U.S. 908, 93 S.Ct. 2290, 36 L.Ed.2d 974 (1973); *United States v. Burch*, 471 F.2d 1314, 1317 (6th Cir. 1973); *United States v. Haynes*, 403 F.2d 54, 55 (6th Cir. 1968); *United States v. Callis*, 390 F.2d 606

(6th Cir. 1968); *Continental Baking Co. v. United States,* 281 F.2d 137, 155 (6th Cir. 1960); *Nichols v. United States,* 276 F.2d 147, 148 (6th Cir.), *cert. denied,* 364 U.S. 815, 81 S.Ct. 45, 5 L.Ed.2d 47 (1960). As this Court stated in *Nichols v. United States, id.* at 148:

> This is the rule even if it be shown that the accomplice believed he would personally benefit from testifying against the defendant.

This Court has previously been requested to reconsider this rule, and in each instance we have declined to do so. *United States v. Willis, supra; United States v. Haynes, supra.* The appellants have shown no compelling reasons for us to change this rule, and we decline to do so.

### III

■ At the close of the Government's case counsel for Bishop requested that a cautionary instruction on the testimony of an accomplice be given. Counsel for Ailstock made the same request at the close of all the evidence. In the instructions to the jury the Court made the following statement regarding the testimony of Lillard:

> There is one area that I must call to your attention and that is the area of the testimony of Mr. Lillard. When you receive in a trial what we call incriminating statements, that is testimony about what a defendant on trial allegedly did or said outside of the courtroom, you must view that testimony with a great deal of caution. You must first decide whether or not you believe that the witness who is reciting such testimony can be deemed by you to be reliable. If you believe that the witness testifying is reliable, then you may believe that the testimony given is trustworthy. In any event, you will test that evidence against all of the evidence in the case, but I would caution you before you accept the testimony that you look at it with great care. But if you believe the testimony of the witness Lillard, considering all of the evidence in the case, then that evidence is like any other evidence in the case, you will assign to it

such probative value or weight as you believe that it is entitled to. (Tr. 165–66)

The Court further instructed as follows:

> An accomplice is one who has participated in a criminal act with others. I have told you to receive that testimony with great care. If you believe it, then it is entitled to weight such as you deem sufficient. I may have overlooked to tell you that the testimony of an accomplice is sufficient to support a conviction, if all other elements, essential elements, of a crime have otherwise been proved to your satisfaction. (Tr. 185)

Appellants contend that the Court's cautionary instruction did not sufficiently apprise the jurors of the possible unreliability of Lillard's testimony, because he was testifying for the Government in exchange for the dismissal of Count II against him when he pleaded guilty to Count I. He testified that no promises had been made to him with respect to his sentence. All of this was subject to comment by defense counsel in their argument to the jury, and we assume that they made the most of it.

We hold that the Court's instruction adequately cautioned the jury respecting the weight to be attributed to the testimony of the accomplice Lillard. *Compare United States v. Willis, supra,* 473 F.2d at 454; *United States v. Haynes, supra,* 403 F.2d at 55.

### IV

On re-direct examination of Dennis Lillard by the Assistant United States Attorney the following exchange took place:

Q Was Mr. Ailstock ever present when his past was discussed?

Mr. Howell [counsel for Bishop]: Objection.

The Court: Sustained. That's leading. There is no suggestion that his past was

Q Was Mr. Ailstock ever with you when Mr. Bishop had a conversation with you concerning Mr. Ailstock?

A Yes.

Mr. Hancock [counsel for Ailstock]: Objection.

The Court: Overruled. If Mr. Ailstock was present, I will let it come in.

A Yes. I was afraid of getting caught and, oh, Mr. Bishop said, "Don't worry. It really isn't anything, prison isn't." He says, "Butch[1] here has been in twice," and I said, "Where?"

The two defense counsel then moved for a mistrial. The Court denied the motion and stated:

Well, it's proper because it is a circumstance related to advice, if they did get caught, that prison wouldn't be any problem, but I'm not going any further with it.

Neither of the counsel for the appellants requested a cautionary instruction. The Court did not give any instruction to the jury regarding Lillard's answer. In discussing this problem in their brief, counsel for the Government copied only the second question involved in the exchange, and omitted all reference to or discussion of the first question propounded, which inquired whether Ailstock was present when his *past* was discussed.

We first consider the admissibility of Lillard's testimony. The Government contends that the evidence is admissible because: First, it showed the identity of one of the offenders, and it showed a common plan, pattern, or scheme; and Second, Bishop's statement to Lillard was in the form of advice and consultation, and was admissible under the conspiracy charged in Count I.

We hold that the evidence of Ailstock's past was inadmissible. This Court, in *United States v. Ring*, 513 F.2d 1001, 1004 (6th Cir. 1975), stated:

As a general rule, in jury trials, evidence of a criminal defendant's prior misconduct is inadmissible in the prosecution's case in chief to show the accused's bad character or criminal propensity.

. . .

Exceptions to this rule, however, let in evidence of a defendant's prior misconduct to show motive, intent, absence of mistake or inadvertence, identity of the offender or a common plan, pattern, or scheme. (Footnote omitted)

*See also United States v. Largent*, 545 F.2d 1039 (6th Cir., decided Dec. 13, 1976); *United States v. Faulkner*, 538 F.2d 724 (6th Cir.), *cert. denied*, —— U.S. ——, 97 S.Ct. 640, 50 L.Ed.2d 624 (1976); *United States v. Wiley*, 534 F.2d 659 (6th Cir. 1976); *United States v. Mahar*, 519 F.2d 1272 (6th Cir.), *cert. denied sub nom. Harris v. United States*, 423 U.S. 1020, 96 S.Ct. 458, 46 L.Ed.2d 393 (1975); Rule 404(b) Fed.R.Evid.

However, a prerequisite to qualify for one of the exceptions to the general rule is that the prior criminal acts referred to in the testimony be similar to those actually charged in the indictment. This Court stated in *United States v. Nemeth*, 430 F.2d 704 (6th Cir. 1970) at 706:

[O]therwise proper cautionary instructions cannot supply the first element of the exceptions to the general rule, i. e. authenticated evidence of prior similar offenses tending to show a consistent pattern of conduct.

Also, as this Court stated in *United States v. Ring, supra*, at 1005:

To show "intent" with evidence of other misconduct, there must be a substantial similarity between the offenses charged in the indictment and the prior misconduct.

In *United States v. Birns*, 395 F.2d 943 (6th Cir. 1968), this Court considered whether evidence that the accused had been convicted previously for income tax fraud, was admissible in a prosecution for perjury, under one of the exceptions to the general rule. This Court held that the evidence was inadmissible because the prior tax fraud convictions had "no logical tendency" to establish that the defendant had committed perjury and therefore the evidence was prejudicial. *See also United States v. Wiley, supra; United States v. McCarthy*, 470 F.2d 222, 223–24 (6th Cir. 1972); and *United States v. Rudolph*, 403 F.2d 805, 807 (6th Cir. 1968).

---

1. "Butch" refers to appellant Burley Ailstock.

Thus, although evidence of a defendant's acts similar to those charged in the indictment may be admissible under one or more of the exceptions to the general rule, the evidence here was not of acts similar to those charged; rather, the testimony revealed only that appellant Ailstock had been in prison twice for some crime(s) committed some time previously. The testimony had "no logical tendency" to establish Ailstock's identity as one of the offenders in the theft of the liquor, or a common plan, pattern, scheme, or conspiracy to steal the liquor.

While that part of the testimony relating to advice may have been admissible as being in furtherance of a conspiracy, the part relating to his past was not only inadmissible but also it was highly prejudicial.

■■■ The Government contends that even if the admission of Lillard's testimony was improper, it was harmless error because: First, the reference to Ailstock's prior imprisonment was inadvertent; and Second, the evidence of guilty against Ailstock was "overwhelming".

While the inadvertence of an unresponsive answer is a factor for this Court to consider in determining prejudicial effect, it is not determinative, and we hold that the inadvertence of the testimony did not enhance its admissibility nor appreciably lessen its prejudicial effect. We reject the Government's interpretation of *United States v. Blanton*, 520 F.2d 907 (6th Cir. 1975), as requiring the deliberate injection of such evidence in order to require a reversal or a new trial. In *United States v. Blanton, supra*, the defendant was prosecuted for illegal possession of firearms. Two Government agents testified that the defendant Blanton was under investigation for an unrelated bank robbery. One of the agents repeated his statement even after the Court sustained defense counsel's objection. This Court held:

> The deliberate injection of testimony concerning another wholly unrelated offense in which Blanton was allegedly involved was error. (*Id.* at 910)

Although "deliberateness" made the prejudice all the more clear in *Blanton, supra*, there is no indication in that case that had the injection of testimony been inadvertent, there necessarily would have been no error. The touchstone of prejudice is not the motive of the one who introduces the testimony; rather, it is the effect of such testimony upon the jury. Moreover, the prejudicial testimony of Lillard may have been deliberately elicited by the Government. The Assistant United States Attorney's first question, "Was Mr. Ailstock ever present when his past was discussed?" indicates that counsel for the Government, by his questions, may have intentionally induced Lillard to reveal Bishop's statement about Ailstock's prior imprisonment. When the Court overruled the defense objection to the second question the witness may very well have believed that he could answer the question, and he did answer responsively. If such is the case the prejudicial effect of the testimony is even more clear.

We also reject any contention that the evidence of guilt against Ailstock and Bishop was so "overwhelming" that the injection of Lillard's testimony was harmless error. *See United States v. Andrea*, 538 F.2d 1255 (6th Cir. 1976); *United States v. Hurst*, 510 F.2d 1035 (6th Cir. 1975); *United States v. Ortiz*, 507 F.2d 1224 (6th Cir. 1974).

It certainly was not harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

■ The Government contends that the demeanor of Lillard made him a believable witness, and that the appellant Bishop, in a colloquy with the Court prior to sentencing, seemingly admitted that he was somehow involved in the theft. It is not for us to judge the relative demeanor of the trial witnesses, and our examination of the colloquy reveals no such clear admission of guilt.

The Government's case against the appellants was based solely on the testimony of the accomplice Lillard. Agnes Jones, during trial, could not make positive identification of Ailstock as being the second party

who arrived with Lillard at her home on the evening of June 3, 1975. Appellant Bishop testified that he had no knowledge of the theft of liquor when he picked up Lillard on the morning of June 4, 1975, and he also stated that he had not seen Ailstock with Lillard during the time in question. The evidence against the appellants was not "overwhelming".

### V

█ Next we consider a situation similar to that which was before this Court in *United States v. Poston*, 430 F.2d 706, 708 (6th Cir. 1970), in which—

> [I]nadmissible testimony of a prior conviction was received by the jury without any cautionary instruction, either immediately or in the general charge, having been given.

As this Court held in *Poston, supra*, we hold that, although the appellants' motions for mistrial need not have been granted, the failure of the Court to issue a cautionary instruction, either immediately or in the general charge, constituted prejudicial error.

In *Poston, supra*, an FBI agent testified for the Government. In an unresponsive answer the agent indicated that at the time when he interrogated the defendant, the defendant was on probation for another offense. The trial court denied the motion for a mistrial and did not give any instruction to the jury concerning the agent's statement. The trial court later asked defense counsel if he desired an instruction to the jury to disregard the agent's testimony. Defense counsel responded that even if the Court so instructed the jury, such an instruction could not erase the damage already done. The trial judge therefore gave a more general charge and instructed the jurors to disregard any testimony regarding any matters other than the offense for which the defendant was charged. This Court held that that instruction could not cure any error which may have occurred. In *Poston, supra*, this Court concluded, at 709.

. . . [W]e do not here conclude that the motion for a mistrial in the present case need necessarily to have been sustained, nor do we hold that a corrective admonition could not have had curative effect. We recognize the salutary rule that empowers the trial judge to exercise discretion in determining what curative instruction is required (subject, of course, to appellate approval of his exercise of discretion on review), and hold only that when during a jury trial evidence of the fact that at the time of the alleged offense for which the defendant is on trial he was on probation, and no corrective or cautionary instruction concerning that evidence is given to the jury, prejudicial error has intervened.

In the present case the testimony that Ailstock had been in prison twice before, can hardly be any less prejudicial than the testimony in *Poston, supra*, that the defendant was on probation at the time of the offense for which he was being tried. The prejudice in the present case is even more apparent when compared with *United States v. Smith*, 403 F.2d 74 (6th Cir. 1968), cited in *Poston, supra*, at 708. In *Smith*, even where the trial court had admonished the jury to "completely disregard the statement that this witness has made" relative to the defendant's prior confinement in the penitentiary, this Court held that the jury's exposure to the incompetent testimony still constituted prejudicial error.

Finally, we do not find that the failure of appellants' counsel to request a cautionary instruction excused the District Court from its duty to give such an instruction. In *United States v. Ortiz, supra*, at 1226, even where appellant's trial counsel did not object or move to strike an FBI agent's testimony concerning appellant's prior arrest record, this Court held that it did not "excuse the failure of the judge to intervene and strike the offending testimony and instruct the jury to disregard it."

We are concerned here only with the prejudicial effect upon the appellant Burley Ailstock by reason of the Court's failure to issue a cautionary instruction, because Lil-

lard's inadmissible testimony related only to the prior imprisonment of Ailstock, and did not prejudice Bishop. *See United States v. Wiley*, 534 F.2d 659 (6th Cir. 1976). We regret the necessity of reversing the judgment as to Ailstock in a case which was otherwise tried free from error, but we believe that he was deprived of a fair trial to which he was entitled. *United States v. Rudolph*, 403 F.2d 805 (6th Cir. 1968).

In accordance with the foregoing the judgment of conviction of appellant Bishop is affirmed; and the conviction of appellant Ailstock is reversed and the case is remanded with instructions to grant Ailstock a new trial.