786 F.2d 1167
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA Plaintiff-Appellee
v.
LANEY GIBSON, JR. Defendant-Appellant.
 85-5356
 United States Court of Appeals, Sixth Circuit.
 2/19/86
 
 E.D.Ky.
 REVERSED AND REMANDED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY
 BEFORE: CONTIE and MILBURN, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 Per Curiam.
 
 
 1
 Defendant Laney Gibson, Jr. appeals his conviction for being a convicted felon in possession of a firearm, in contravention of 18 U.S.C. App. Sec. 1202(a)(1) (1982), and his enhanced sentence of twelve years for being a dangerous special offender under 18 U.S.C. Sec. 3575 (1982). Gibson has raised ten assignments of error on appeal, including the assertion that the trial court erred in not declaring a mistrial when a prosecution witness, while testifying, mentioned Gibson's status as an escapee at the time of his arrest. We hold that placing Gibson's escapee status before the jury was sufficiently prejudicial to warrant granting a mistrial and, accordingly, reverse Gibson's conviction and remand this case to the district court to grant Gibson a new trial.[1]
 
 
 2
 Gibson was convicted of murder by a Kentucky court in 1981 and sentenced, in 1983, to twenty years imprisonment. He subsequently escaped from the Bell County Jail in July, 1984, and was a fugitive until his arrest by Federal Bureau of Investigation (FBI) agents at the home of his in-laws in January, 1985. At the time of his arrest, Gibson was found hiding in the attic and was not in immediate control of a weapon, although numerous firearms were present in the house. After Gibson was taken into custody and following what, for our purposes, we may assume was a colloquy between FBI agents concerning the location of a particular firearm,[2] Gibson proceeded to show the agents where a .22 caliber rifle was located. In addition, while being transported for detention, Gibson admitted that the firearm was in his possession, having obtained it from his brother in order to kill snakes. Before trial the district court granted Gibson's motion to exclude and suppress references to criminal conduct other than that contained in the indictment, including Gibson's status as an escapee at the time of arrest. Despite this ruling, a prosecution witness, FBI Agent Moran, made a presumably inadvertent reference to Gibson's escapee status while testifying at trial. The district court denied Gibson's immediate motion for a mistrial. Gibson, who did not testify at trial was, following lengthy jury deliberation, convicted of violating Section 1202(a)(1), and subsequently sentenced as a dangerous special offender. The district court denied Gibson's motion for a new trial based on Agent Moran's prejudicial remark and this appeal ensued.
 
 
 3
 On appeal, we review the record as a whole to determine if Agent Moran's mention of Gibson's status as an escapee so adversely affected Gibson's substantial rights as to compel reversal. United States v. Terry, 729 F.2d 1063, 1070 (6th Cir. 1984); United States v. Reed, 647 F.2d 678, 687 (6th Cir.), cert. denied, 454 U.S. 837 (1981). Although each case such as the present must be decided on the basis of its unique facts, Terry, 729 F.2d at 1070; see also United States v. Ismail, 756 F.2d 1253, 1260 (6th Cir. 1985); United States v. Wells, 431 F.2d 432, 433-34 (6th Cir.) (per curiam), cert. denied, 400 U.S. 967 (1970), the standard we apply in making our determination was ennunciated by the Supreme Court in Kotteakos v. United States, 328 U.S. 750 (1946):
 
 
 4
 If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand . . .. But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error. It is rather, even so, whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand.
 
 
 5
 Kotteakos, 328 U.S. at 764-65. See Ismail, 756 F.2d at 1260-61; see also United States v. Treadwell, 760 F.2d 327, 339 (D.C. Cir. 1985), cert. denied, 106 S. Ct. 814 (1986); United States v. Alfonso, 759 F.2d 728, 740 (9th Cir. 1985); Government of Virgin Islands v. Castillo, 550 F.2d 850, 855 (3d Cir. 1977).
 
 
 6
 We begin our analysis recognizing that '[a] criminal defendant who chooses not to testify at trial is entitled to a presumption of innocence. One sure way to destroy that presumption is for a seasoned officer to interject an 'inadvertent' remark about a defendant's criminal history.'[3] Terry, 729 F.2d at 1070. Also, once inadmissible evidence about prior criminal acts 'inadvertently reaches the attention of the jury, it is most difficult, if not impossible, to assume continued integrity of the presumption of innocence.' Government of Virgin Islands v. Toto, 529 F.2d 278, 283 (3d Cir. 1976). The Government contends, however, that Agent Moran's improper reference to Gibson's escape from jail was harmless since the jury had before it Gibson's conviction for murder, the agent's remark was inadvertent, and the evidence of Gibson's guilt was overwhelming. We disagree.
 
 
 7
 Initially, the Government contends that the proper admission of Gibson's prior murder conviction to establish the felony conviction necessary for a violation of Section 1202(a)(1) diluted the prejudicial impact of the reference to Gibson's escape to the point of rendering it harmless. Identification of Gibson as an escapee, however, quite naturally conjures up images of a person unrepentant for his crime, with continued disrespect for the law, reckless with regard to his own safety, desperate to avoid capture, and probably a danger to others. The prejudice to Gibson is obvious. See United States v. Poston, 430 F.2d 706 (6th Cir. 1970) (volunteer statement from FBI agent that defendant was on probation deemed prejudicial); United States v. Smith, 403 F.2d 74 (6th Cir. 1968) (prejudicial testimony that defendant was recently released from penitentiary). By contrast, the mere introduction of the murder conviction, although evidence of a heinous act and bad character, did not carry the same emotional impact or preclude the jury from assuming, for all it knew, that Gibson had been paroled and was repentant for his crime. See United States v. Stine, 458 F.Supp. 366, 371 (E.D. Pa. 1978) (details of the defendant's arrest and conviction held to be more prejudicial than mere proof of the commission of a felony because it may have suggested to the jury that the defendant was an habitual law-breaker). Further, we believe that adoption of the Government's contention that introduction of one item of prejudicial evidence, even if properly admitted, serves to lessen the prejudicial effect of subsequent items of improperly admitted evidence would dilute, if not eviscerate, the prohibition in Fed. R. Evid. 404(b) against the introduction of other crimes, wrongs, or acts to prove the bad character of a criminal defendant.
 
 
 8
 The Government also contends that the inadvertence of the agent's statement concerning Gibson's status as an escapee impacts toward finding the testimony harmless. Even assuming that the agent's remark was 'inadvertent,'[4] and accepting that inadvertence can be a factor in determining prejudicial effect, United States v. Ailstock, 546 F.2d 1285, 1290 (6th Cir. 1976); see United States v. Lewis, 525 F.2d 1293, 1294 (6th Cir. 1975) (per curiam), the inadvertence of testimony is not determinative, Ailstock, 546 F.2d at 1290, and, in the instant case, is insufficient to alter our disposition. 'The touchstone of prejudice is not the motive of the one who introduces the testimony; rather, it is the effect of such testimony upon the jury.' Id. In the instant case, the inadvertence of the testimony did not 'appreciably lessen its prejudicial effect.' Id.
 
 
 9
 Finally, we do not believe that the evidence against Gibson was so overwhelming that the impermissible remark was rendered harmless. See, e.g., United States v. Andrea, 538 F.2d 1255, 1257 (6th Cir. 1976) (per curiam); United States v. Ortiz, 507 F.2d 1224, 1226 (6th Cir. 1974). In the instant case, the only evidence of Gibson's possession of the firearm appears to have been his act of retrieving the rifle at the time of his arrest and the oral statements he made to FBI agents following his arrest. No tangible evidence such as fingerprints or independent witness testimony was introduced to establish Gibson's possession of the particular firearm. Further, the firearm in question had been purchased by Gibson's brother Arnold, Gibson was arrested at the home of his in-laws where several persons resided and several guns were located, and he was without physical control of the weapon at the time of his arrest and in an area of the house removed from the location of the rifle. While the evidence in this case may be sufficient to sustain Gibson's conviction,[5] see Jackson v. Virginia, 443 U.S. 307, 319 (1979), we do not find it so overwhelming that Agent Moran's testimony is rendered harmless.[6]
 
 
 10
 In light of the foregoing, the judgment of the district court is reversed and the case remanded for a new trial.
 
 
 
 [1]
 Since Gibson's conviction is set aside, so is his enhanced sentence under Section 3575. Further, due to our disposition of this case, we need not and do not express any opinion as to the merits of Gibson's other contentions
 
 
 [2]
 By all accounts, after Gibson had been taken into custody and handcuffed and the house was still being searched, FBI agent Kincaid entered the room where Gibson and several agents were located and asked if Gibson's firearm had been found. Agent Kincaid made his inquiry in the direction of Agent Welch, who was standing beside Gibson, and Agent Welch replied in the negative
 
 
 [3]
 Agent Moran had only one and a half years experience with the FBI when he testified at Gibson's trial. Reference in United States v. Terry, 729 F.2d 1063, 1070 (6th Cir. 1984), to a 'seasoned' officer was not dispositive of that case, however, and Agent Moran's lack of experience is irrelevant to the instant case. See infra at note 4
 
 
 [4]
 In United States v. Ortiz, 507 F.2d 1224, 1226 (6th Cir. 1974), this Court refused to accept the Government's claim that an FBI agent's testimony was inadvertent even though the defendant-appellant appeared to accept this characterization also, opining that '[a]gents of the Federal Bureau of Investigation know from their training and experience that records of arrests not resulting in conviction are not generally admissible in evidence and that reference to such on the witness stand usually would be prejudicial and reversible error.' See also Terry, 729 F.2d at 1070 (not accepting remarks evidencing prior criminal convictions as 'inadvertent'); United States v. Andrea, 538 F.2d 1255, 1256 (6th Cir. 1976) (per curiam). In the instant case, although Agent Moran apparently lacked experience, see supra note 2, his training and the Government's statements indicating that he was cautioned before testifying against interjecting information about Gibson's criminal history would arguably justify rejection of the Government's claim of inadvertence. Nevertheless, since we believe reversible error has occurred in this case even if the comment was inadvertent, we need not decide this question
 
 
 [5]
 We are not, however, expressing an opinion concerning the sufficiency of the evidence. See supra note 1
 
 
 [6]
 Despite the Government's failure to raise the matter, we note that cautionary instructions may render harmless the otherwise prejudicial effect of inadmissible testimony. United States v. Wells, 431 F.2d 432, 434 (6th Cir.) (per curiam), cert. denied, 400 U.S. 967 (1970). Whether the instructions given have done so is a matter to be determined on a case-by-case basis. Id. at 433-34. We are of the opinion that the district court's admonitions to the jury in this case to disregard for any purpose the testimony of Agent Moran were insufficient to significantly lessen the prejudicial effect of the inadmissible reference, particularly in light of the fact that Agent Moran was the last witness to testify at Gibson's trial. See United States v. Nemeth, 430 F.2d 704 (6th Cir. 1970) (per curiam); United States v. Smith, 403 F.2d 74, 76-77 (6th Cir. 1968)