812 F.2d 1409
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
George KNOST, Defendant-Appellant.
 No. 86-1210.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1986.
 
 Before GUY, Circuit Judge, EDWARDS, Senior Circuit Judge, and EDGAR, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant appeals his conviction of various counterfeiting offenses. Defendant contends that he was denied a fair trial due to remarks made by a government witness regarding defendant's previous imprisonment for counterfeiting. For the following reasons, the defendant's conviction is affirmed.
 
 
 2
 Defendant was charged with various offenses relating to the manufacture, possession, and distribution of counterfeit currency in violation of 18 U.S.C. Secs. 471, 472 and 473. Defendant was also charged with conspiracy under 18 U.S.C. Sec. 371. Defendant was found guilty by a jury on four of the five counts and was sentenced to serve a total of fifteen years in prison and pay $4,000.00 in fines.
 
 
 3
 In a pretrial motion, defendant requested that the court prohibit any reference at trial to defendant's prior conviction for counterfeiting. The trial judge granted the motion and issued both an oral and a written order forbidding the prosecution and its witnesses from mentioning defendant's prior counterfeiting conviction. However, the court did allow reference to the fact that the defendant had served time in prison, since that is where the conspiracy allegedly began.
 
 
 4
 Despite the admonitions of the court, the first government witness in the case stated, not once, but twice, that defendant had been incarcerated on a counterfeiting conviction. After each remark, defense counsel moved for a mistrial. The trial judge refused both requests, finding that the errors were not so prejudicial as to require a new trial. The trial court accepted the government's claim that it had not deliberately elicited offending testimony but, rather, had specifically instructed the witness not to mention the subject.[1] The trial judge also stated that he was reluctant to declare a mistrial because it would require that the defendant's case be severed from the trial of his codefendants.
 
 
 5
 After the jury returned a guilty verdict against the defendant, defense counsel moved for a new trial based on the remarks made at trial referring to defendant's prior conviction. Once again, the trial judge refused to grant a new trial. At no point did defense counsel request that a cautionary instruction be given to the jury regarding the offending remarks of the government witness nor did the judge offer to give such an instruction.
 
 
 6
 The first issue to be addressed is whether the references to defendant's prior conviction were admissible, notwithstanding the district judge's order to the contrary. As a general rule, evidence of other crimes committed by a defendant is not admissible. See Fed.R.Evid. 404(b). However, Rule 404(b) goes on to state that such evidence is admissible to show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." In addition, the prior acts must be similar in nature and close in time to the acts for which the defendant is being prosecuted. United States v. Reed, 647 F.2d 678, 686 (6th Cir.), cert. denied, 454 U.S. 837 (1981). Finally, the trial judge must determine whether the evidence is more probative than prejudicial. United States v. Vincent, 681 F.2d 462, 465 (6th Cir.1982). This court has previously held that a trial judge has broad discretion in determining the admissibility of evidence under Rule 404(b) and that that determination can only be reversed upon a finding of abuse of that discretion. United States v. Hamilton, 684 F.2d 380, 384 (6th Cir.), cert. denied, 459 U.S. 976 (1982); United States v. Cooper, 577 F.2d 1079, 1088 (6th Cir.), cert. denied, 439 U.S. 868 (1978).
 
 
 7
 In the instant case, the trial judge concluded that the prosecution's sole motive for introducing evidence of defendant's prior counterfeiting conviction would be to show that he had acted in conformity therewith. Therefore, the court ordered that such evidence was inadmissible. We find that the trial judge did not abuse his discretion in ruling that evidence of defendant's prior conviction was inadmissible.
 
 
 8
 The next question is whether the trial judge should have granted defendant's motion for mistrial in light of the offending remarks made by the government's witness.
 
 
 9
 It is within the discretion of the trial judge to determine whether or not an error was so prejudicial as to require a new trial, and this determination cannot be reversed on appeal unless we find that the judge abused this discretion. United States v. Terry, 729 F.2d 1063, 1067 (6th Cir.1984). In Terry, this court upheld the trial court's refusal to grant a mistrial despite statements made by government witnesses referring to defendant's parole status and prior convictions. Although the Terry court strongly condemned the introduction of such evidence, it found that the offending testimony did not seriously prejudice the defendant's right to a fair trial, especially in light of the other evidence against the defendant. Id. at 1070.
 
 
 10
 In denying defendant's motion for a mistrial in the instant case, the trial judge stated:
 
 
 11
 The question is how prejudicial was the statement made by the witness, Mr. Williams, in this case.
 
 
 12
 After careful consideration, I have got to conclude that although it might be claimed to be error, I do not think it is such prejudicial error as to mandate a mistrial.... There has been lots of talk of counterfeiting. There will be more talk I assume by this witness that defendant was a counterfeiter. Although I ruled as I did and I adhere to that ruling, I do not think the circumstances under which it [the error] happened ... are so prejudicial as to require a mistrial.
 
 
 13
 (App. at 53-54).
 
 
 14
 There is ample evidence in the record to support the trial judge's conclusion that defendant was not seriously prejudiced by the two remarks about his prior conviction for counterfeiting. First of all, defense counsel stated in both opening and closing arguments that defendant was a skilled printer and that he had recently served time in prison. In addition, several witnesses testified that defendant had bragged about his ability as a counterfeiter and had even demonstrated this ability to two of the witnesses. Thus, based on the evidence properly admitted, the jury could easily infer that defendant had been previously convicted of counterfeiting. Moreover, there was an overwhelming amount of evidence on which the jury could rely in finding the defendant had committed the offenses with which he was charged. This evidence included the direct testimony of several witnesses and physical evidence in the form of counterfeit twenty-dollar bills. Therefore, to the extent that the two references to defendant's prior conviction were erroneous, we hold that they were harmless error and that defendant's rights were not substantially affected. Fed.R.Crim.P. 52(a).
 
 
 15
 Defendant cites to two Sixth Circuit cases, United States v. Ailstock, 546 F.2d 1285, 1291 (6th Cir.1976), and United States v. Poston, 430 F.2d 706 (6th Cir.1970), in support of his argument in favor of granting a mistrial. Both of these cases involve the erroneous admission of evidence concerning defendant's prior criminal acts. However, in reversing the convictions, both courts relied on the trial judge's failure to give a cautionary instruction admonishing the jury to disregard the objectionable testimony. In Ailstock, this court stated: "As this court held in Poston, we hold that, although the appellant's motion for mistrial need not have been granted, the failure of the court to issue a cautionary instruction, either immediately or in the general charge, constituted prejudicial error." 546 F.2d at 1291 (emphasis added). Thus, defendant's reliance on these cases in support of his argument for mistrial is misplaced.
 
 
 16
 As previously noted, the defendant never requested a cautionary instruction in the instant case. This court, however, has held that the failure of a defense counsel to request an instruction does not excuse the court from its duty to give one. Ailstock, 546 F.2d at 1291. Therefore, we feel compelled to address this issue, even though the defendant did not expressly raise it in his brief.
 
 
 17
 Assuming, arguendo, the trial judge had a duty to issue a cautionary instruction sua sponte, the failure to provide such an instruction constituted a harmless error in light of the overwhelming evidence against the defendant in this case. In United States v. Feroni, 655 F.2d 707 (6th Cir.1981), this court stated, "Even if the trial court's failure to give a curative instruction had been error, we hold that such error was harmless. It is clear that the error alleged [prejudicial testimony of defendant's prior criminal conduct] is subject to the harmless error rule." Id. at 713 (citations omitted). In Ailstock, we noted that the government's case against the defendant was based solely on the objectionable testimony; and therefore, the failure to issue a cautionary instruction with respect to this testimony constituted reversible error. 546 F.2d at 1290-91.
 
 
 18
 We find that the instant case is factually analogous to our decision in Feroni, whereas Ailstock can be easily distinguished due to the less conclusive evidence against the defendant in that case. Therefore, we find that whatever errors may have occurred in the trial below were harmless errors and the defendant's conviction is AFFIRMED.
 
 
 
 *
 Honorable R. Allan Edgar, United States District Court, Eastern District of Tennessee, sitting by designation
 
 
 [1]
 The record reveals that this witness was uncooperative and that the trial judge eventually allowed the prosecution to use leading questions on direct examination under Fed.R.Evid. 611(c). None of the remarks at issue in this appeal were elicited through the use of leading questions