69 F.3d 537
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee Cross-Appellant,
v.
Adebowale ADESIDA, Defendant-Appellant, Cross-Appellee, and
Emmanuel Mensai Okai, Defendant-Appellant.
 No. 94-3783, 94-3869, 94-3784.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1995.
 
 Before: KEITH and BATCHELDER, Circuit Judges, and ROSEN, District Judge.*
 PER CURIAM:
 
 
 1
 Defendants-Appellants appeal from their convictions and sentences for conspiracy to import heroin, attempting to import heroin and money laundering. For the reasons stated below, we AFFIRM. The Government appeals the sentence of Adebowale Adesida. For the reasons stated below, we REMAND.
 
 I. STATEMENT OF THE CASE
 
 2
 On December 1, 1993, Appellants, Adebowale Adesida and Emmanuel Mensai Okai were indicted along with Adeniji Mufutau Ayinde and Tina Iheagwam. Adesida was charged in Count One with conspiring to import heroin into the United States in violation of 21 U.S.C. Secs. 952 and 963. Adesida was further charged in Counts Two and Three with money laundering in violation of 18 U.S.C. Sec. 1956, and in Count Four with attempting to import heroin in violation of 21 U.S.C. Secs. 952 and 963 and 18 U.S.C. Sec. 2. Okai was also charged in Count One of the Indictment with conspiracy to import and attempting to import heroin, in violation of 21 U.S.C. Secs. 952 and 963. On March 3, 1994, the grand jury issued a superseding indictment, charging the same counts as in the original indictment.
 
 
 3
 Okai entered a plea of guilty to the sole count against him on March 21, 1994. A jury trial commenced on March 28, 1994 for Adesida. On April 1, 1994, the jury found Adesida guilty on all counts against him. On July 8, 1994, Okai was sentenced to 120 months imprisonment, and Adesida was sentenced to 240 months imprisonment.
 
 
 4
 Okai and Adesida filed timely notices of appeal. The government cross-appealed Adesida's sentence.
 
 II. DISCUSSION
 A. DOUBLE JEOPARDY
 
 5
 In 1991 an automobile purchased by Adesida was administratively forfeited to the government pursuant to 21 U.S.C. Sec. 881(a)(4). The government asserted that the funds used to purchase the vehicle were generated from illegal drug sales.
 
 
 6
 Adesida's first contention of error is that the seizure and forfeiture of his automobile constituted a "prosecution" for purposes of double jeopardy in his subsequent drug prosecution. Adesida failed to raise this issue prior to trial. Failure to raise double jeopardy by motion prior to trial serves to waive the issue. See Fed.R.Crim.P. 12; United States v. Oldfield, 859 F.2d 392, 396-97 (6th Cir.1988).
 
 
 7
 The Supreme Court has held, however, that a "civil" penalty can constitute punishment for double jeopardy purposes to the extent the penalty is far more than just remedial. See United States v. Halper, 490 U.S. 435, 448-49 (1989). In the instant case, Adesida fails to show how he was punished by the seizure of the car. Adesida denied ownership of the car during his trial and did not appear to contest the government's seizure.
 
 
 8
 Adesida's failure to contest the seizure renders him a non-party to the forfeiture action. There was no forfeiture hearing, the automobile was forfeited without opposition and thus, jeopardy did not attach. See United States v. Torres, 28 F.3d 1463 (7th Cir.1994) (forfeited funds did not attach jeopardy where defendant denied ownership of funds). There can be no double jeopardy without former jeopardy. Serfass v. United States, 420 U.S. 377 (1975). Even when reviewed on the merits, Adesida fails to demonstrate any reversible error.
 
 B. MOTION FOR NEW TRIAL
 
 9
 Adesida next argues the district court erred by failing to grant his oral request for a new trial. At his sentencing hearing on July 8, 1994, he argued that his counsel was ineffective and he was therefore entitled to a new trial. This matter is reviewed for an abuse of discretion. United States v. Barlow, 693 F.2d 954 (6th Cir.1982), cert. denied, 461 U.S. 945 (1983).
 
 
 10
 A motion for a new trial must be brought within seven days of the verdict or finding of guilt unless extended by the trial court. Fed.R.Crim.P. 33. The seven day limit is a jurisdicational limit. United States v. Vincent, 20 F.3d 229 (6th Cir.1994). In the instant case, the verdict of guilty was returned April 1, 1994, far more than seven days prior to defendant's motion for new trial on July 8, 1994. Adesida may still assert a claim of ineffective assistance of counsel by way of a motion pursuant to 28 U.S.C. Sec. 2255. However, the trial court did not abuse its discretion by denying Adesida's motion for a new trial.
 
 
 11
 C. DENIAL OF MOTION TO EXTEND TIME TO FILE MOTIONS
 
 
 12
 Adesida asserts that the court's denial of his motion for an extension of time to file motions was in error. The trial court's decision on this issue is reviewed for an abuse of discretion. Wilson v. Mintes, 761 F.2d 275 (6th Cir.1985).
 
 
 13
 Adesida asserts that the court's denial of his motion prevented him from moving to suppress evidence. This simply is not so. Ample discovery time was provided for in this case. Adesida fails to demonstrate any prejudice resulting from the trial court's decision to deny his motion. Absent such prejudice the court did not abuse its discretion.
 
 D. INSUFFICIENT EVIDENCE
 
 14
 Adesida next argues there was insufficient evidence to support his convictions. He correctly points out that he must overcome a very high hurdle to prevail on this claim. This court must determine whether, after reviewing "the evidence in the light most favorable to the government, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt." U.S. v. Beddow, 957 F.2d 1330, 1334 (6th Cir.1992) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 15
 The government introduced the testimony of four co-conspirators that the defendant was involved with them in smuggling heroin into the United States from late 1990 to July of 1993. Ayinde obtained heroin from Lagos and sent it via courier to co-conspirators in the United States. Testimony was given outlining how the defendant would meet the couriers upon their arrival and direct the heroin to individuals in New York and Chicago.
 
 
 16
 The uncorroborated testimony of an accomplice is sufficient to support a conviction. United States v. Ailstock, 546 F.2d 1285 (6th Cir.1976). In the instant case, however, much of the testimony was corroborated. The government proved that the defendant purchased an airline ticket for another drug courier, Ajibola Daboiku, who was caught with over two kilograms of heroin. In addition, telephone toll records confirmed contact between the defendant and members of the conspiracy. Heroin seized from the witnesses was also introduced. The government also introduced evidence that the defendant was in control of large sums of unexplained cash. All of these proofs were available to the jury when they evaluated the credibility of the witnesses.
 
 
 17
 When taken in a light most favorable to the government, it is clear that the evidence was sufficient to convict Adesida on all counts. There was no reversible error by the district court.
 
 
 18
 E. GOVERNMENT'S CROSS APPEAL-SENTENCING GUIDELINES DEPARTURE
 
 
 19
 The government argues the district court erred by departing from the guidelines without stating its reasons for the downward departure. The application of the guidelines to a particular set of facts is a question of law reviewed de novo. United States v. Wilson, 920 F.2d 1290 (6th Cir.1990). The findings of fact concerning sentencing issues are left undisturbed unless clearly erroneous. United States v. Walton, 908 F.2d 1289 (6th Cir.), cert. denied, 498 U.S. 906 (1990).
 
 
 20
 In the instant case, the pre-sentence report established the adjusted offense level of 40. Given the defendant's criminal history category I and offense level of 40, the guideline range for the defendant is 292-365 months. The court sentenced the defendant to 240 months imprisonment without explaining its reasons for the downward departure. The government failed, however, to object to the sentence at the sentencing hearing. The government argues that it did not have a meaningful opportunity to object because the court immediately "left the bench" after advising the defendant of his rights. This court has determined that absent plain error it will not address erroneous departures from the sentencing guidelines if the matter was not raised below. United States v. Nagi, 947 F.2d 211, 213 (6th Cir.1991), cert. denied, 112 S.Ct. 2309 (1992).
 
 
 21
 In the case at bar, the district court failed to state on the record its reasons for departure. A statement of reasons for a downward departure must be given at time of sentencing. United States v. Kincaid, 959 F.2d 54 (6th Cir.1992). Failure to provide reasons for departure constitutes plain error. See United States v. Thomas, 24 F.3d 829, 833-34 (6th Cir.1994).
 
 F. WITHDRAWAL OF GUILTY PLEA
 
 22
 Appellant, Emmanuel Okai, argues that the district court abused its discretion by failing to grant his motion to withdraw his guilty plea. Okai argues that because he did not fully appreciate the nature, scope and severity of the criminal offense with which he was charged, the district court should have allowed him to withdraw his guilty plea.
 
 
 23
 Okai's assertion is wholly without merit. The district court went to great pains to ensure that the defendant understood his plea and every right that he was giving up as a result of the plea. The court refused to accept Okai's plea at the initial Rule 11 hearing because it feared that the defendant was not fully aware of his rights or he was attempting to manipulate the system. The court adjourned the hearing until an interpreter could be brought in. After an interpreter was secured and the defendant had an opportunity to confer with counsel the court reconvened the hearing.
 
 
 24
 Where a defendant understands the charge and acknowledges that he has discussed it with his attorney and the facts as read are simple enough for a lay person to understand, there is no Rule 11 violation. United States v. Edgecomb, 910 F.2d 1309 (6th Cir.1990). It is fairly clear from the record that Okai understood the charges against him and made a willing and knowing plea of guilty. There was no abuse of discretion for failure to accept a withdrawal of the guilty plea.
 
 III. CONCLUSION
 
 25
 For the foregoing reasons, the sentence and conviction of Emmanuel Mensai Okai is AFFIRMED. The conviction of Adebowale E. Adesida is AFFIRMED, and the sentence is set aside and REMANDED with instructions for the district court to set forth its reasons for the downward departure of Adesida's sentence.
 
 
 
 *
 The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation