William H. NICHOLS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 13990.

United States Court of Appeals
Sixth Circuit.

April 4, 1960.

Z. T. Osborn, Jr., Nashville, Tenn., for appellant.

Beverly M. Medley, Asst. U. S. Atty., Nashville, Tenn., for appellee, Fred Elledge, Jr., U. S. Atty., Nashville, Tenn., on the brief.

Before SIMONS, Senior Judge, POPE, Circuit Judge, and O'SULLIVAN, District Judge.

SIMONS, Senior Judge.

The appellant was tried and convicted for unlawful possession of untaxed whiskey in violation of Tit. 26 U.S.C.A. § 5008 (b). His complaint is that there was no substantial evidence to support the conviction and that public policy, as declared by the Fourth Amendment, was offended by use of testimony from a witness who

148

had been beaten up by the police. The pertinent facts follow.

On March 20, 1957, at approximately 8 P. M., a Nashville City Police Officer named Coggins saw a car run a stop sign and make a right turn at about 35 feet from Coggins' police car. Coggins pursued but after a chase the driver stopped, abandoned the car and escaped. Arthur Haynie was found in the abandoned car and either Coggins or a fellow officer beat him up there and again at the police station. Haynie told Coggins that appellant was the driver of the car which was found to contain a quantity of "untaxed whiskey". Haynie so testified at the trial and he was corroborated by Coggins who identified the appellant as the driver of the car which passed him at the stop street. He said he got a fleeting glimpse of the driver when the car crossed the headlights of the police car while making the right turn.

The evidence presented by Haynie and Coggins constituted substantial evidence on which a conviction could be based. Even if Haynie was an accomplice and not a mere passenger, it is the rule that a conviction can be supported by an accomplice's uncorroborated testimony. Caminetti v. United States, 242 U.S. 470, 495, 37 S.Ct. 192, 61 L.Ed. 442; Robertson v. United States, 6 Cir., 111 F.2d 1018; United States v. Moran, 2 Cir., 151 F.2d 661; Todorow v. United States, 9 Cir., 173 F.2d 439, certiorari denied 337 U.S. 925, 69 S.Ct. 1169, 93 L.Ed. 1733. This is the rule even if it be shown that the accomplice believed he would personally benefit from testifying against the defendant. United States v. Rainone, 2 Cir., 192 F.2d 860. The fact that a witness may have been threatened, or beaten, goes to the weight of the evidence and not its admissibility and is within the province of the jury. The Appellate Court cannot weigh evidence or determine the credibility of witnesses, Battjes v. United States, 6 Cir., 172 F.2d 1, 5. In any event, the beating of a witness was a contention personal to such witness and not available to the appellant as a matter of law.

Though the record fails to show any motion at or before trial to suppress evidence of law violation found in the abandoned car, the appellant presents a question of unreasonable search and seizure. While it is settled that evidence obtained in violation of the prohibition of the Fourth Amendment cannot be used in a prosecution against the victim of unlawful search, this applies only if the defendant makes timely objection. Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, approved in Goldstein v. United States, 316 U.S. 114, at page 120, 62 S.Ct. 1000, at page 1003, 86 L.Ed. 1312. Moreover, for illegally obtained evidence to be excluded in a federal court, it must appear that federal officers participated in the illegality or that the unlawful acts were done on their behalf. There was no such situation here, the search, if any, having been made by a City police officer without participation or even knowledge of federal officers. Irvine v. People of State of California, 347 U.S. 128, 136, 74 S.Ct. 381, 98 L.Ed. 561.

We find no prejudicial error in the cause and the judgment therein is,

Affirmed.