UNITED STATES of America,
Plaintiff-Appellee,

v.

William BROADNAX, Defendant-
Appellant.

No. 16012.

United States Court of Appeals
Sixth Circuit.

June 2, 1965.

Samuel Posner, Detroit, Mich., for appellant.

John H. Shepherd, Asst. U. S. Atty., Detroit, Mich., for appellee.

Lawrence Gubow, U. S. Atty., Detroit, Mich., on the brief.

Before WEICK, Chief Judge, and MILLER and PHILLIPS, Circuit Judges.

PER CURIAM.

This is a direct appeal from a judgment of conviction on a guilty verdict by a jury in the United States District Court for the Eastern District of Michigan on an information charging appellant Broadnax with possession of one-half gallon of nontaxpaid whiskey, in violation of Title 26, United States Code, Sections 5205(a) (2) and 5604(a) (1).

Appellant's first contention is that the search warrant under which the Government agents entered his home, found the whiskey under his bed and arrested him, was invalid in that it was obtained upon an insufficient showing of probable cause, and that his motion to suppress the evidence should have been sustained. The affidavit for the search warrant alleged that the affiant was reliably informed that the defendant, a known violator, was handling large amounts of nontaxpaid whiskey at his

residence. The affiant observed the defendant in the process of carrying what appeared to be a gallon jug in a paper sack from his car into his home and later saw him carry two cartons capable of containing four gallon jugs from his automobile into his home. We think the affidavit which describes several personal observations by the affiant of a similar nature is sufficient. United States v. Nicholson, 303 F.2d 330, C.A.6th, cert. denied, 371 U.S. 823, 83 S.Ct. 43, 9 L.Ed. 2d 63; United States v. Malugin, 200 F. Supp. 764, M.D.Tenn., affirmed 296 F.2d 741, C.A.6th; Jones v. United States, 362 U.S. 257, 269, 80 S.Ct. 725, 4 L.Ed. 2d 697.

■ Appellant further contends that the evidence was insufficient to sustain his conviction. Although he moved for judgment of acquittal at the close of the Government's case, he failed to renew such motion at the close of all the evidence. Consequently, the sufficiency of the evidence is not open for consideration on this review. United States v. George, 319 F.2d 77, 79 C.A.6th, cert. denied sub nom. Gulley v. United States, 375 U.S. 942, 84 S.Ct. 349, 11 L.Ed.2d 273, rehearing denied, 375 U.S. 998, 84 S.Ct. 630, 11 L.Ed.2d 480; United States v. Gosser, 339 F.2d 102, 110, C.A.6th.

■ Appellant further contends that the Court erred in permitting the Government to show that he owned the automobile found in the garage which was covered by the search warrant, in which the agents discovered seven gallons of nontaxpaid whiskey. A codefendant, Smith, but not the appellant, was charged in the second count of the information with the illegal possession of this whiskey. It is argued that the admission of this evidence tended to prove appellant guilty of a crime not charged against him in the information. It is generally held that where a defendant has been charged with the commission of a particular offense, the Government may introduce evidence of similar conduct to show a pattern, intent or purpose. Grant v. United States, 255 F.2d 341, 342, C.A. 6th, cert. denied, 358 U.S. 828, 78 S.Ct.

48, 3 L.Ed.2d 68; United States v. Sebo, 101 F.2d 889, 891, C.A.7th; United Cigar Whelan Stores Corp. v. United States, 113 F.2d 340, 347, C.A.9th. See: United States v. Krulewitch, 145 F.2d 76, 80, 156 A.L.R. 337, C.A.2nd.

The judgment of the District Court is affirmed.