**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Ira Jim HAYNES, Defendant-Appellant.**

**No. 18495.**

United States Court of Appeals

Sixth Circuit.

Nov. 15, 1968.

Joseph G. Glass, Louisville, Ky., for appellant.

---

John L. Smith, Asst. U. S. Atty., Louisville, Ky., for appellee; Ernest W. Rivers, U. S. Atty., Louisville, Ky., on brief.

Before PHILLIPS, CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

Appellant Haynes appeals from his conviction at a jury trial on all four counts of an indictment for fraudulently passing four stolen money orders in violation of 18 U.S.C. § 500.

An accomplice, Underwood, first was arrested and plead guilty. A second accomplice, Peters, later plead guilty. Both Underwood and Peters, as witnesses for the prosecution in the trial of Haynes, testified that Haynes had the money orders, went with them while they were being cashed, and received part of the proceeds. The four clerks who cashed the money orders testified for the Government. One clerk identified Underwood as having cashed a money order in his store. A second clerk wrote down the license number of the car in which the men were riding, which was registered in the name of Peters.

Haynes contends that the rule in this Circuit should be changed so as to prohibit convictions upon uncorroborated testimony of accomplices and that, without the testimony of the accomplices, there is insufficient evidence to sustain the conviction.

The District Judge charged the jury as follows with respect to the testimony of the accomplices:

"If you believe that the witnesses Underwood and Peters took part in connection with the commission of the crime charged, then they are what is known in the law as accomplices and their testimony is to be received by you with caution and you should not accept it unless it so far harmonizes with all of the other testimony in the case as to leave in your minds no reasonable doubt as to its truth."

It is well settled in this Circuit that a conviction may be had on the uncorroborated testimony of an accomplice.

Continental Baking Co. v. United States, 281 F.2d 137, 155 (6th Cir.) and cases therein cited; Nichols v. United States, 364 U.S. 815, 81 S.Ct. 45, 5 L.Ed.2d 47.

We decline to change this rule.

Affirmed.