UNITED STATES of America, Plaintiff-Appellee,

v.

James W. ROSS, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Sylvester SAIN, Defendant-Appellant.

Nos. 72–1793, 72–1794.

United States Court of Appeals, Sixth Circuit.

Submitted Feb. 14, 1973.

Decided April 25, 1973.

James L. Feinberg, court appointed, Detroit, Mich., on brief, for defendant-appellant Ross.

Emmett S. Long, Detroit, Mich., on brief, for defendant-appellant Sain.

Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., on brief, for plaintiff-appellee.

Before PHILLIPS, Chief Judge, KENT, Circuit Judge, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

Defendants were both convicted of bank robbery and murder, in a jury trial before Judge Theodore Levin. The testimony consisted of that of an accomplice and of several of the bank tellers. Both defendants seek reversal because of the Judge's alleged refusal to ask certain questions on *voir dire*, particularly one which asked the jurors if they had any racial prejudice. Both defendants were black; the murdered man was white. There is nothing in the record to indicate that the questions were submitted by the defense counsel or, if they were submitted, in what form they were submitted.

Defendant Ross raises both the issue of the sufficiency of the evidence and the issue relating to the *voir dire* question. Defendant Sain raises only the *voir dire* issue.

As for the sufficiency question, the law of this Circuit is clear that accomplice testimony alone would be sufficient to convict. United States v. Haynes, 403 F.2d 54, 55. Of course, in this case more than uncorroborated accomplice testimony was introduced. It should also be noted that the defendant made no motion for acquittal at the conclusion of either the Government's or defendant's proof. This precludes raising the sufficiency issue on appeal. United States v. Broadnax, 346 F.2d 119.

As for the *voir dire* issue, the only evidence before this Court is the affidavit of the defense attorney that he asked the Judge to submit certain questions to the jury. The questions are not in the record at any point. As the Government points out, this Court can hardly rule without the questions being in the record. It has been held by this Circuit that the responsibility for hav-

ing such off-the-record colloquys recorded stenographically lies with the defense counsel. Cox v. General Electric Company, 302 F.2d 389, 390. The exact form of the questions would be crucial in this situation. The fact that Judge Levin is now dead should also be taken into consideration. The lack of a record precludes review of this issue.

As to the refusal of the trial court to make inquiry of the jurors on *voir dire* as to possible prejudice arising from the fact that a defendant is a Negro, after timely request therefor, such refusal would be a denial of defendant's right to a fair trial, in violation of the Due Process Clause of the Fourteenth Amendment. See Ham v. South Carolina, 409 U.S. 524, 93 S.Ct. 848, 35 L.Ed. 2d 46, decided January 17, 1973.

There having been no request made for such inquiry by the Court during the course of the trial, this issue is not before us.

The judgments are affirmed.