UNITED STATES of America,
Plaintiff-Appellee,

v.

John Glendal WILLIS, Defendant-
Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Richard Virgil LOFTIN, Defendant-
Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Dallas Coleman FISH, Defendant-
Appellant.

Nos. 72-1397 to 72-1399.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 12, 1972.

Decided Feb. 12, 1973.

Certiorari Denied May 21, 1973.
See 93 S.Ct. 2290.

John David Cole, Bowling Green, Ky., for John Glendal Willis.

Leland Logan, G. D. Milliken, Jr., Bowling Green, Ky., for Richard Virgil Loftin.

Philip Huddleston, (Court-appointed), Huddleston & Huddleston, Bowling Green, Ky., for Dallas Coleman Fish.

James H. Barr, Asst. U. S. Atty., Louisville, Ky., for plaintiff-appellee; George J. Long, U. S. Atty., Louisville, Ky., F. Witcher McCullough, III, Sp. Asst. U. S. Atty., Houston, Tex., on brief.

Before EDWARDS, CELEBREZZE and PECK, Circuit Judges.

CELEBREZZE, Circuit Judge.

These are appeals from Plaintiffs-Appellants' convictions, after a jury trial, for possession of some 967 cases of whiskey stolen from a shipment in interstate commerce, in violation of 18 U.S. C. § 659. For the reasons set forth below, we affirm each of the convictions.

### I.   No. 72–1397—Willis

As his grounds for appeal, Appellant Willis claims that the District Court erred as follows:

(1) In ruling that a barn located some 14 miles from his home and owned by his deceased mother's estate did not fall within Willis' Fourth Amendment rights;

(2) In ruling that Appellant Willis' written consent to a search of the above barn waived any Fourth Amendment rights which he might assert with respect to the search?

(3) In refusing to require disclosure of the informer who assertedly advised the federal agents that the stolen goods might be found in the barn; and

(4) In denying, without a hearing, his motion for a new trial based on newly discovered evidence.

The District Court's determination that Willis was "not entitled to claim an unlawful search" of the barn does not appear to comport with the Supreme Court's decisions in Jones v. United States, 362 U.S. 257, 263–365, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), and Mancusi v. DeForte, 392 U.S. 364, 367–370, 88 S.Ct. 2120, 20 L.Ed.2d 1154 (1968). *See, also* Combs v. United States, 408 U.S. 224, 92 S.Ct. 2284, 33 L.Ed.2d 308 (1972).

We nonetheless conclude that the District Court properly denied Willis' motion to suppress any evidence obtained in the search of the barn on the ground that Willis effectively waived his Fourth Amendment rights by signing the written consent to search form. The language of that consent form is reproduced in the margin.[1]

The transcript of the hearing on Willis' motion to suppress is barren of any evidence to support Willis' present claim that the consent to search was not know-

---

1.        "November 9, 1970 at Elkton, Ky. I, John G. Willis, having been informed of my constitutional rights not to have a search made of the premises hereinafter mentioned without a search warrant, and of my rights to refuse to consent to such a search, hereby authorized Arthur S. Webb and Willard O. Thorpe, Special Agents of the F.B.I., department of Justice, to conduct a complete search of my premises located at Clifty, Kentucky, Route 3, Elkton, Kentucky. These agents are authorized by me to take from my premises any letters, papers, materials or other property which they may desire.
This written permission is being given by me to the above-named Special Agents voluntarily and without threats or promises of any kind.
                    /s/ John G. Willis"

ingly and intelligently given. Rather, that transcript reveals that the federal agents approached Willis at his home, told him that they had information that there might be stolen whiskey in the barn, and advised him that he need not consent to the search. In response, Willis disclaimed any knowledge of such whiskey, willingly signed the consent form in the presence of witnesses, and accompanied the agents to the farm.[2]

■ We find no merit in Willis' third claim that the District Court erred in refusing to require disclosure of the name of the informer who assertedly advised the federal agents that the stolen whiskey might be found in the barn. The motion for disclosure was made during the hearing on Willis' motion to suppress, and it was supported by no allegations that the requested disclosure would in any way assist Willis in his defense on the merits. This claim is thus controlled by Rugendorf v. United States, 376 U.S. 528, 534–535, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964), wherein the Supreme Court upheld a District Court's denial of a similar motion for disclosure made in the context of a motion to suppress and unrelated to the petitioner's defense on the merits. *Compare* Roviaro v. United States, 353 U.S. 53, 77 S. Ct. 623, 1 L.Ed.2d 639 (1957); United States v. Lloyd, 400 F.2d 414 (6th Cir. 1968).

Finally, we turn to Willis' claim that the District Court abused its discretion in denying, without a hearing, Willis' motion for a new trial based on newly discovered evidence. This motion was supported by the affidavit of a former Elkton, Kentucky, policeman, who stated that he had witnessed a warrantless search of the barn by the Elkton Police Chief, a deputy sheriff, and an unknown individual prior to the time the federal agents secured the consent to search. Because this affidavit was uncontradicted and the District Court conducted no hearing thereon and made no findings of fact with respect thereto, we must accept the statements in the affidavit as true.

■ We nonetheless conclude that the District Court did not abuse its discretion in denying Willis' motion for a new trial. We do not accept Willis' argument that the prior, unlawful search by local officials rendered Willis' written consent to the subsequent search by federal agents any less knowing or intelligent.[3] Rather, we hold that even in view of the evidence of the prior, unlawful search—of which the federal agents may or may not have had knowledge—the search by the federal agents pursuant to Willis' written consent was reasonable, and therefore the District Court did not abuse its discretion in denying the motion for a new trial without conducting a hearing. *See* United States v. Crowder, 351 F.2d 101, 104 (6th Cir. 1965).

II. No. 72–1398—Loftin

Appellant Loftin claims that the District Court erred as follows:

(1) In ruling that he had no standing to challenge the reasonableness of the search of co-defendant Willis' barn;

(2) In refusing to conduct an in camera hearing on his motion for disclosure of the identity of the asserted informer; and

---

2. Although in his motion for a new trial Willis presented evidence that in securing his consent to the search the federal agents may have withheld knowledge of a prior unlawful search of the barn by local officials, no such evidence was before the District Court at the hearing on the motion to suppress. This evidence, therefore, is relevant only to Willis' final claim that the District Court abused its discretion in denying Willis' motion for a new trial without conducting a hearing.

3. Had the federal agents' search for and seizure of the stolen whiskey been undertaken pursuant to a search warrant, requiring a showing of probable cause, we have no doubt that the District Court would have been required to resolve any claim that the probable cause for the warrant emerged from a prior, unlawful search of the premises. That is not the case before us, however.

(3) In denying his motion for a judgment of acquittal.

■ Although Appellant Loftin asserted no possession or control of the barn, it appears that the District Court erred in refusing to recognize his standing to challenge the search under the rule enunciated in Jones v. United States, 362 U.S. 257, 263–265, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960) (affording such standing to any defendant charged with a substantive crime consisting of possession of contraband).

■ Whereas Loftin thus may have had standing to challenge the search, co-defendant Willis' consent to the search precludes Loftin from making such a challenge. It is clear that a search pursuant to the consent of one co-defendant is reasonable as to other co-defendants holding an interest in the premises equal to or lesser than that of the informer. *See* Friedman v. United States, 381 F.2d 155, 158–159 (8th Cir. 1967); Drummond v. United States, 350 F.2d 983, 989 (8th Cir. 1965), cert. denied, 384 U.S. 944, 86 S.Ct. 1469, 16 L. Ed.2d 542 (1966); United States v. Sferas, 210 F.2d 69, 74 (7th Cir.), cert. denied, 347 U.S. 935, 74 S.Ct. 630, 98 L. Ed. 1086 (1954).

Loftin's second claim—that the District Court erred in refusing to conduct an in camera hearing on his motion for disclosure of the identity of the asserted informer—is without merit for the reasons set forth under the comparable claim asserted in Willis' appeal above.

■ Nor is there any merit to Loftin's final claim that the District Court erred in denying his motion for acquittal on the ground that there was insufficient evidence to sustain a jury verdict of guilty. Two witnesses testified that they had seen Loftin near the Willis farm. Two witnesses—one of them an independent witness and the other an accomplice who had pleaded guilty—testified that Loftin had approached them individually and offered each of them money if they would drive a White tractor-trailer to Clarksville, Tennessee.

The stolen White tractor-trailer was subsequently found in a junkyard, the owner of which testified that he had done business with Loftin on prior occasions.

Beyond this circumstantial evidence —which, as recognized by the Supreme Court in Holland v. United States, 348 U.S. 121, 140, 75 S.Ct. 127, 137, 99 L.Ed. 150 (1954), is "intrinsically no different from testimonial evidence" [*see also* United States v. Bradley, 421 F.2d 924, 926 (6th Cir. 1970)]—the testimony of co-defendant Willis inculpated Loftin with the theft and the unloading of the whiskey at the barn. Moreover, Loftin admitted many of the above facts, and merely asserted that he had no knowledge that the whiskey was in the barn.

Without weighing the evidence, and taking the view of it, and all inferences which may reasonably and justifiably be drawn from it, most favorable to the Government, we conclude that there was clearly sufficient evidence to sustain the jury's verdict that Loftin was guilty of wilfully and knowingly possessing the stolen whiskey. *See* Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1941); United States v. Conti, 339 F.2d 10, 13 (6th Cir. 1964).

### III. No. 72–1399—Fish

Appellant Fish asserts that the District Court erred in:

(1) Denying his motion for acquittal on the ground that the uncorroborated testimony of accomplices alone cannot sustain a guilty verdict, and

(2) Rejecting a requested instruction respecting accomplice testimony and, while cautioning the jury respecting such testimony, advising the jury that they should not be concerned with defense counsel's references to the possibility that the accomplice who pleaded guilty and served as a Government witness might receive a lighter sentence.

The evidence inculpating Fish with the theft and possession of the whiskey consisted primarily of the testimony of accomplice Paul Martin, who pleaded

**454**

guilty and served as a witness for the Government. The testimony of accomplice and co-defendant Willis also implicated Fish, albeit to a much less significant degree than that of Martin.

■ Under his first claim, Fish urges us to overrule this Court's longstanding rule that the uncorroborated testimony of an accomplice may be sufficient to uphold a conviction. *See* United States v. Haynes, 403 F.2d 54 (6th Cir. 1968); United States v. Callis, 390 F.2d 606 (6th Cir. 1968); Continental Baking Company v. United States, 281 F.2d 137, 155 (6th Cir. 1960); Nichols v. United States, 276 F.2d 147 (6th Cir.), cert. denied, 364 U.S. 815, 81 S.Ct. 45, 5 L.Ed.2d 47 (1960). Assuming that it is within our power to change this rule [*see* Caminetti v. United States, 242 U.S. 470, 495, 37 S.Ct. 192, 61 L.Ed. 442 (1917)], we decline to do so on the present appeal.

■ As to Fish's second claim, we hold that the District Court did not err in refusing to give the requested jury instruction respecting accomplice testimony. Rather, the following instruction given by the Court adequately cautioned the jury respecting that testimony:

"Now, we have had in this case the testimony of two witnesses, Mr. Brown and Mr. Martin, who by their own admissions participated in this crime and committed the crime themselves in connection, as they stated, with other persons, some one or more of the other defendants at times. Under the law a person who is an accomplice who by his own admission is a part of the offense and has committed the offense, his testimony should be viewed with caution and suspicion; where he, himself, admits committing the crime, that fact should be taken into consideration by the jury. However, you may—you heard these witnesses testify, you saw their demeanor on the witness stand, you may find that they told you the truth and what they said was true, and the mere fact that they were accomplices in your judgment may not be sufficient fact to ignore what they said or to question what they said. But the Court instructs you that they are accomplices and you are to take that fact into consideration in considering the evidence which they offer here from the witness stand."

*Compare* United States v. Haynes, *supra*, 403 F.2d at 55.

■ Nor do we find that Fish was in any way prejudiced by the District Court's advising the jury that since the sentencing of Martin would be entirely within the discretion of the Court, they need not concern themselves with defense counsel's reference to the fact that Martin had pleaded guilty and was awaiting sentence.

For the reasons set forth above, the judgment of the District Court is affirmed as to each of the three Appellants.