**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Gregory William PLAIN, Defendant-Appellant.**

No. 84–5152
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Dec. 12, 1984.

Gregory William Plain, pro se.

Stanley Marcus, U.S. Atty., Miami, Fla., Eileen M. O'Connor, Asst. U.S. Atty., Fort Lauderdale, Fla., Linda Collins-Hertz, Asst. U.S. Atty., Miami, Fla., for defendant-appellant.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Plain appeals a district court order denying his motion to vacate his pris-

on sentence. The United States District Court for the Southern District of Florida held that it lacked jurisdiction under 28 U.S.C. § 2255 (1982),[1] the statute pursuant to which the appellant filed his motion, because appellant challenged decisions of the Parole Commission, not the sentence imposed by the judge. We affirm the district court's decision.

In 1982, appellant pled guilty to conspiracy and possession of marijuana with intent to distribute. He was sentenced by the District Court for the Southern District of Florida to concurrent sentences of four years on each count, and to a special parole term of two years. In 1983, appellant filed a motion in that court to vacate his sentence under 28 U.S.C. § 2255. He alleged that he pled guilty based on the expectation of being eligible for parole in twenty-four to thirty-six months, as stated in his pre-sentencing investigation report, and that because of new parole guidelines, enacted since his conviction, his date of release now exceeded the total time he expected to serve. He claimed that by applying the new guidelines to his case, the Parole Commission violated his constitutional right to due process. On September 10, 1983, the district court issued its order, denying appellant's 2255 motion because the court lacked jurisdiction under 28 U.S.C. § 2255.

■■■ It is clear under *United States v. Addonizio,* 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979) that the district court was correct. In *Addonizio,* the prisoner filed a section 2255 motion, claiming that because the Parole Commission used guidelines promulgated after his conviction to determine his parole date, his actual imprisonment was longer than that intended by the sentencing judge. The Supreme Court held that this claim could not be brought under section 2255 because it did not meet any of the grounds for attacking a sentence listed in that section.[2] The Supreme Court pointed out that section 2255 authorizes challenges to the *lawfulness of the sentence* imposed by the judge and that though the Parole Commission's actions may have affected the way the court's judgment and sentence would be performed, it did not retroactively affect the lawfulness of the judgment itself. *Id.* at 187. As was the case in *Addonizio,* the appellant here is not challenging the lawfulness of the sentence imposed by the judge, but rather the lawfulness of the actions of the Parole Commission. Such a challenge cannot be brought under section 2255.[3]

■■ On appeal, appellant maintains that he had not intended to challenge the lawfulness of the Parole Commission's actions, but rather the lawfulness of his sentence. He claims that the thrust of his argument was that his plea had been rendered involuntary because he pled guilty on the basis of his expectation that he would be eligible for parole in twenty-four to thirty-six months. Even if this was appellant's argument, we still must affirm the district court's order denying appellant's motion, albeit on grounds other than lack of jurisdiction. Appellant does not claim he was

---

1. Title 28 U.S.C. § 2255 provides

   A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

2. For a list of these grounds, see footnote 1.

3. It appears that a petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 (1982), not a motion to vacate sentence under section 2255, is the correct procedure for review of actions by the Parole Commission. However, the district court could not have reviewed Plain's claim under section 2241 either, because a petition for habeas corpus must be filed in the district in which the petitioner is incarcerated. Plain is incarcerated in the Northern District of Florida. The District Court for the Southern District of Florida thus lacked jurisdiction to review a habeas corpus petition brought by Plain. *See Blau v. United States,* 566 F.2d 526, 527–28 (5th Cir.1978). *See Alan v. United States,* 327 F.2d 58, 59 (5th Cir.1964).

coerced into pleading guilty or that he was misled as to the possible maximum sentence or sentences he would receive. He maintains only that the parole data in the pre-sentencing investigation report stated he would be released in twenty-four to thirty-six months. His subjective belief in his parole release date as set out in his presentencing report does not render his guilty plea involuntary. *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981), *cert. denied*, 456 U.S. 992, 102 S.Ct. 2275, 73 L.Ed.2d 1288 (1982).

The district court's opinion is

AFFIRMED.