**Joseph J. HAJDUK, Plaintiff-Appellant,**

**v.**

**UNITED STATES of America, Defendant-Appellee.**

**No. 84–8811**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

July 1, 1985.

J. Michael Faulkner, Augusta, Ga., for defendant-appellee.

Before VANCE, HENDERSON and CLARK, Circuit Judges.

PER CURIAM:

## I. FACTS

In 1978, Hajduk entered a plea of guilty to a violation of 18 U.S.C. § 1111 (second degree murder). He was sentenced to life imprisonment under the provisions of 18 U.S.C. § 4205(b)(2), thus, making him immediately eligible for parole at such time as the parole commission, within its discretion, should determine that it was warranted. Since that time, the defendant has appeared before the parole commission on three occasions. His current presumptive parole date is set as September 4, 1990.

In 1983, petitioner filed a motion pursuant to 28 U.S.C. § 2255 to correct, vacate, or set aside his sentence. The substance of petitioner's motion was that since the time of his original incarceration the parole guidelines had been increased. The guidelines in 1978 called for 40 months in prison but since that time they have been increased to 76–84 months. Hajduk alleges that the amendment of the guidelines violates the *ex post facto* clause and furthermore that such a long period of incarceration constitutes cruel and unusual punishment in violation of the Eighth Amendment. The government filed its response and the case was referred to a United States Magistrate. The magistrate found that the motion was meritless. The district court, adopting the magistrate's report and recommendation, entered an order denying relief and dismissing the petition. Appellant filed a timely notice of appeal raising the issue of whether retrospective application of the parole guidelines violates the *ex post facto* clause.

## II. THE LEGAL ISSUE IN CONTEXT

A challenge to the lawfulness of the parole commissions actions cannot be brought pursuant to 28 U.S.C. § 2255. *United States v. Addonizio,* 442 U.S. 178, 179, 99 S.Ct. 2235, 2237, 60 L.Ed.2d 805 (1979); *see also United States v. Plain,* 748 F.2d 620, 621 (11th Cir.1984). Hajduk's *ex post facto* argument is nothing more than a challenge to the lawfulness of the parole commission's actions, not the lawful-ness of the sentence imposed by the court. Such an action must be brought as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. A petition for a writ of habeas corpus may only be brought in the court having jurisdiction over the petitioner or his place of incarceration. As Hajduk is incarcerated at the Federal Correctional Institute in Lexington, Kentucky, he is outside the jurisdiction of the Southern District of Georgia for habeas corpus purposes. *See, e.g., United States v. Plain,* 748 F.2d at 621 n. 3; *Blau v. United States,* 566 F.2d 526, 527–28 (5th Cir.1978). Hajduk, at his discretion, may bring his claims pursuant to 28 U.S.C. § 2241 in the proper form. However, we determine that jurisdiction was lacking in this case. Therefore, we VACATE the judgment and REMAND the case to the district court that it be dismissed for lack of jurisdiction.