811 F.2d 608
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald RAULERSON, Defendant-Appellant.
 No. 86-5337.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1986.
 
 Before KENNEDY and NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Donald Raulerson appeals from the district court's order which denied Raulerson's motion for a new trial or acquittal brought pursuant to Fed.R.Crim.P. 33, as well as Raulerson's motion for relief from sentencing brought pursuant to 28 U.S.C. Sec. 2255. For the reasons that follow, we affirm the district court's judgment.
 
 I.
 
 2
 On March 16, 1983, Raulerson and eight other individuals were charged in a three-count indictment. Raulerson was charged with: (1) conspiracy to possess with intent to distribute marijuana and methaqualone in violation of 21 U.S.C. Sec. 846(2) (Count I); (2) possession with intent to distribute marijuana in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2 (Count II); and (3) possession with intent to distribute methaqualone in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2 (Count III). Raulerson allegedly committed the charged offenses while incarcerated at the Federal Correctional Institute in Memphis, Tennessee, where he was serving a sentence resulting from a 1981 conviction for the sale of narcotics.
 
 
 3
 Raulerson was convicted on all three counts and was sentenced to 42 months imprisonment on each of the counts, to be served concurrently. The 42-month term was to be served consecutively, however, to his prior sentence of 13 years relating to his 1981 conviction. Raulerson was further sentenced to two years of special parole on both Counts II and III to be served concurrently with each other, but consecutively with the four-year special parole term imposed as a result of his prior conviction. Thus, Raulerson had a total combined sentence of sixteen and one-half years imprisonment and six years of special parole.
 
 
 4
 Raulerson appealed to this court on July 25, 1983, challenging his convictions on several grounds. On January 31, 1986, we affirmed Raulerson's convictions and rejected all of his claims.
 
 
 5
 While Raulerson's appeal was pending, he filed several motions with the district court. He first filed a motion for reduction of sentence pursuant to Fed.R.Crim.P. 35. The court granted the motion on January 30, 1984, ordering 24 months of the 42-month sentences to be served concurrently with Raulerson's previous 13-year sentence. The court further ordered that the remaining 18 months of the sentences be served consecutively with the prior sentence. Consequently, Raulerson was left with a total sentence of fourteen and one-half years imprisonment and six years of special parole.
 
 
 6
 Raulerson then filed on June 10, 1985, a document entitled "Motion for New Trial; Judgment of Acquittal and Writ of Habeas Corpus." Raulerson brought his motion for new trial or judgment of acquittal pursuant to Fed.R.Crim.P. 33, which permits a defendant to move for a new trial based on newly discovered evidence at any time within two years after final judgment.[1] Raulerson alleged that an October 4, 1984 guilty plea by Harold Lawrence, a former Drug Enforcement Agency (DEA) agent, to one count of conspiring to defraud the government constituted newly discovered evidence which warranted a new trial or at least an evidentiary hearing. Raulerson stated that Lawrence had been charged on August 1, 1984, in a seven-count indictment with receiving bribes from drug dealers, receiving approximately $500,000 from a drug company, and obtaining and selling for his own benefit drugs confiscated by the DEA. Raulerson alleged that Lawrence participated in the investigation which resulted in the charges against him. According to Raulerson, since Lawrence was a "competitor" in the drug smuggling business at the time he was allegedly participating in the investigation, he had a "strong motive to fabricate evidence, create untrue facts and misuse the criminal process to eliminate his competition." Thus, Raulerson claimed that there was a possibility of governmental misconduct on Lawrence's part, and on that basis requested an evidentiary hearing to examine Lawrence's role in the investigation.
 
 
 7
 Raulerson characterized the other aspect of his motion as a motion for relief from sentencing under 28 U.S.C. Sec. 2255. Raulerson premised his motion on his contention that the United States Parole Commission arbitrarily and impermissibly enlarged his term of incarceration beyond the sentence imposed by the district court. After Raulerson's 1981 conviction, the Parole Commission had decided that he would serve 40-52 months of his 13-year sentence. On April 23, 1985, the Parole Commission reconsidered Raulerson's incarceration period in light of his 1983 conviction. At that time, the Parole Commission decided that Raulerson would serve a total of 92-116 months of the combined 14 and one-half year sentence. Raulerson claimed that this imposition of an additional 52-64 months of time to be served conflicted with the district court's Rule 35 order which reduced Raulerson's sentence on his 1983 conviction to 18 months of incarceration to be served consecutively with his prior 13-year sentence.
 
 
 8
 On March 4, 1986, following this court's affirmance of Raulerson's convictions, the district court denied Raulerson's motions. In rejecting Raulerson's request for an evidentiary hearing into Lawrence's conduct, the court stated:
 
 
 9
 The movant in this case wishes to take some form of discovery from the government which would disclose that Agent Lawrence was connected with the conviction of Raulerson. This Court does not recognize the right of the defendant to go on a fishing expedition in the government files merely because a government law enforcement officer has been convicted of a crime. The circumstances of the defendant Raulerson's conviction and the publicily recognized admission of guilt of former agent Lawrence do not fit into any of the cases wherein the government's conduct so tainted a conviction that a dismissal or new trial was required.
 
 
 10
 The court also observed that Lawrence had not testified at Raulerson's trial and that Raulerson's convictions were supported by strong proof offered by three other "confederates." The court did not set forth a rationale for rejecting Raulerson's request for relief from sentencing, but merely described the sentence which it originally imposed in 1983 and then set forth the docket entry which recorded its Rule 35 order reducing Raulerson's original sentence.
 
 
 11
 Raulerson appealed the district court's dismissal of his motions on March 20, 1986.
 
 II.
 
 12
 Raulerson's Rule 33 motion for a new trial or acquittal was based on the guilty plea of former DEA agent Harold Lawrence. Raulerson argues that an evidentiary hearing should have been granted to determine whether his indictment should be dismissed on grounds of prosecutorial misconduct. Raulerson concedes that he has no evidence of any governmental misconduct which tainted his investigation or indictment; he merely believes that his indictment may have been obtained through misconduct by Lawrence. This possibility, in Raulerson's opinion, is a sufficient ground to at least warrant an evidentiary hearing to discover whether Lawrence fabricated evidence during Raulerson's investigation or testified falsely before the grand jury which returned Raulerson's indictment. If such was the case, Raulerson asserts that his indictment would have to be dismissed for prosecutorial misconduct.
 
 
 13
 The decision whether or not to grant a Rule 33 motion is vested within the district court's discretion. See United States v. Scaife, 749 F.2d 338, 349 (6th Cir.1984); United States v. Willis, 473 F.2d 450, 452 (6th Cir.), cert. denied, 412 U.S. 908 (1973). To obtain a new trial based on newly discovered evidence, the evidence: "(1) must have been discovered after trial, (2) must not have been discoverable earlier in the exercise of due diligence, (3) must be material and not merely cumulative or impeaching, and (4) must be likely to produce an acquittal if the case were retried." Scaife, 749 F.2d at 349. Raulerson cannot satisfy these criteria because he has not presented any "evidence" of governmental misconduct. For example, it is impossible to determine, based on Raulerson's allegations, whether a new trial would likely result in an acquittal. However, since Raulerson claims that there might be evidence of governmental misconduct which could have been proven at an evidentiary hearing, we must determine whether the district court erred in denying Raulerson's request for a hearing.
 
 
 14
 Like the decision whether to grant a new trial, the decision whether to grant an evidentiary hearing on a Rule 33 motion is within the sound discretion of the district court. See Willis, 473 F.2d at 452; United States v. Crowder, 351 F.2d 101, 104 (6th Cir.1965). We therefore will only reverse the district court's denial of Raulerson's request if we find that the court abused its discretion.
 
 
 15
 We find no such abuse. The district court refused to hold an evidentiary hearing based on Raulerson's mere speculation that, because former DEA agent Lawrence was convicted of a crime, the government engaged in misconduct in securing the charges against Raulerson. The Circuit Courts of Appeals have generally upheld denials of requests for evidentiary hearings based on unsupported allegations of governmental misconduct. See, e.g., United States v. Sutton, 767 F.2d 726, 729 (10th Cir.1985) (speculation that the government was guilty of bad faith, along with assertion that the claim could be substantiated at an evidentiary hearing, "is an insufficient basis for requiring an evidentiary hearing"); United States v. Gilbert, 668 F.2d 94, 96-97 (2d Cir.1981) (unsupported speculation of governmental misconduct "was wholly insufficient to require the District Court to hold an evidentiary hearing"), cert. denied, 456 U.S. 946 (1982). In the present case, Raulerson similarly makes unsupported, unfounded allegations of governmental misconduct. Under these circumstances, we therefore conclude that the district court did not abuse its discretion in denying Raulerson's request for an evidentiary hearing.
 
 
 16
 Furthermore, Raulerson has made insufficient allegations to support the relief he desires--dismissal of his indictment--regardless of whether he could prove that Lawrence presented false testimony to the grand jury which returned his indictment. In the Sixth Circuit, "the law is clear that a court may not order dismissal of an indictment under its supervisory power unless the defendant demonstrates that 'prosecutorial misconduct is a long-standing or common problem in grand jury proceedings in [the] district.' " United States v. Griffith, 756 F.2d 1244, 1249 (6th Cir.) (quoting United States v. Nembhard, 676 F.2d 193, 200 (6th Cir.1982), cert. denied, 464 U.S. 823 (1983)), cert. denied, 106 S.Ct. 114 (1985). A defendant must also "show that he was prejudiced by the prosecutor's actions." Id. Raulerson has made no allegations concerning either of these necessary factors. The district court essentially recognized that Raulerson had failed to show prejudice when it observed that Lawrence did not testify at Raulerson's trial, and thus had no direct impact on the guilt-finding process. In fact, Raulerson has completely failed to illustrate how the evidence which established his guilt at trial was or could have been tainted by any misconduct of Lawrence. Accordingly, even if we accept as true Raulerson's allegations that Lawrence participated in the investigation and testified before the grand jury, we would nevertheless conclude that Lawrence has failed to establish under this Circuit's standard that his indictment should be dismissed. Thus, it was unnecessary for the district court to hold an evidentiary hearing to determine the validity of Raulerson's allegations.
 
 III.
 
 17
 Raulerson also moved for relief from sentencing, premising jurisdiction on 28 U.S.C. Sec. 2255.[2] Raulerson alleged that the Parole Commission's April 23, 1985 decision, in which it calculated his period of incarceration, was improper because it violated the Commission's own guidelines, ignored the intent of the district court, and allowed an administrative agency to substitute its judgment for that of a member of the judiciary.
 
 
 18
 We need not reach the merits of Raulerson's claims because we conclude that the district court was without jurisdiction to entertain this motion. We first note that Raulerson's claim was not cognizable under 28 U.S.C. Sec. 2255. Section 2255 only authorizes motions attacking the lawfulness of a sentence imposed by a federal court. United States v. Addonizio, 442 U.S. 178, 184-87 (1979). Pursuant to Sec. 2255, the sentencing court may grant relief from sentencing only if it concludes that the sentence violated the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law...." Raulerson is not, however, challenging the lawfulness of his sentence; rather, he is challenging the execution of his sentence by the Parole Commission. Such a challenge is simply not cognizable under Sec. 2255. See Addonizio, 442 U.S. at 190; see also United States v. Plain, 748 F.2d 620, 621 (11th Cir.1984) (a challenge to the lawfulness of the actions of the Parole Commission "cannot be brought under section 2255").
 
 
 19
 A claim such as Raulerson's, challenging the lawfulness of the actions of the Parole Commission in executing a sentence, may only be brought as a petition for habeas corpus under 28 U.S.C. Sec. 2241. This principle is well established within this and other Circuits. For example, in Wright v. United States Board of Parole, 557 F.2d 74 (6th Cir.1977), we stated:
 
 
 20
 As we read the complaint of Wright ... it attacks not the sentence imposed, but rather the execution of that sentence by the Parole Commission's interpretation of its guidelines. To that extent, therefore, we hold that the complaint was one which was cognizable only by a proceeding under 28 U.S.C. Sec. 2241....
 
 
 21
 Id. at 77. See also Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979) (citing cases which reflect the "clearly prevailing view" that judicial review of events occurring after sentencing, such as the execution of sentence, is properly had only under Sec. 2241, not Sec. 2255); Plain, 748 F.2d at 621 n. 3 ("a petition for a writ of habeas corpus brought under 28 U.S.C. Sec. 2241 (1982), not a motion to vacate sentence under section 2255, is the correct procedure for review of actions by the Parole Commission"). Thus, Raulerson could only challenge the Parole Commission's decision in a petition for habeas corpus under Sec. 2241.
 
 
 22
 However, the district court below was without jurisdiction to entertain a Sec. 2241 petition by Raulerson, since a Sec. 2241 petition can only be brought in the district in which the prisoner is incarcerated. See Plain, 748 F.2d at 621 n. 3 (Sec. 2241 petition "must be filed in the district in which the petitioner is incarcerated"); Blau v. United States, 566 F.2d 526, 527 (5th Cir.1978) ("Under 28 U.S.C. Sec. 2241, the writ can be sought by a federal prisoner only from a district court with jurisdiction either over the prisoner or his custodian."); Wright, 557 F.2d at 77 (Sec. 2241 petition is properly brought in the district court with territorial jurisdiction over the petitioner's custodian). At the time Raulerson filed his motion, he was incarcerated at a federal institution in Talladega, Alabama. He was later incarcerated at Seagoville, Texas. Obviously, Raulerson was not in custody within the Western District of Tennessee at these pertinent times. The district court therefore not only lacked jurisdiction to consider Raulerson's claim as a motion for relief under Sec. 2255, but also lacked jurisdiction to consider his claim as a petition for habeas relief under Sec. 2241.
 
 
 23
 Accordingly, having found that the district court properly dismissed Raulerson's motions, the judgment is AFFIRMED.
 
 
 
 [1]
 Rule 33 provides in pertinent part:
 The court on motion of a defendant may grant a new trial to him if required in the interest of justice.... A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case.
 
 
 [2]
 Section 2255 provides in pertinent part:
 A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
 A motion for such relief may be made at any time.