[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec. 09, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-12649
Non-Argument Calendar

_____

D. C. Docket No. 08-03699-CV-CAM-1

JOHN G. WESTINE,

Petitioner-Appellant,

versus

WILLIE SCOTT,
Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 9, 2009)

Before DUBINA, Chief Judge, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Appellant John G. Westine, a federal prisoner proceeding *pro se*, appeals from the district court's order dismissing his habeas corpus petition, brought pursuant to 28 U.S.C. § 2241. The district court for the Northern District of Georgia dismissed the § 2241 petition for lack of jurisdiction because Westine did not file it in the judicial district where he was incarcerated. On appeal, Westine does not address the district court's order, but rather contends that he properly brought this action pursuant to § 2241 because he satisfied the criteria necessary to proceed under the savings clause of 28 U.S.C. § 2255.[1]

"The availability of habeas relief under § 2241 presents a question of law that this [C]ourt reviews *de novo*." *Sawyer v. Holder*, 326 F.3d 1363, 1365 n.4 (11th Cir. 2003). "Typically, a petitioner collaterally attacks the validity of his federal sentence by filing a petition under 28 U.S.C. § 2255." *Id.* at 1365. However, "[u]nder the savings clause of § 2255, a prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention." *Id.*; 28 U.S.C. § 2255(e). We have held that a petitioner may use the "savings clause" to "open the portal" to a § 2241 proceeding when:

---

[1] Because Westine seeks to proceed under § 2241, not § 2255, he is not required to obtain a certificate of appealability before filing this appeal. *See Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

> 1) [his] claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford v. Scott*, 177 F.3d 1236, 1244 & n.3 (11th Cir. 1999).

In this case, we conclude from the record that the district court correctly determined that Westine was required to file his § 2241 petition in the judicial district where he was incarcerated. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447, 124 S. Ct. 2711, 2724-25, 159 L. Ed. 2d 513 (2004); *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991). Because it is undisputed that Westine was not incarcerated in the Northern District of Georgia, we conclude that the district court lacked jurisdiction to entertain his § 2241 petition. *See Hajduk v. United States*, 764 F.2d 795, 796 (11th Cir. 1985). Accordingly, we affirm the judgment of dismissal and do not address whether Westine could proceed under the savings clause.

**AFFIRMED.**