[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 27, 2011
JOHN LEY
CLERK

No. 09-15787
Non-Argument Calendar

_____

D. C. Docket No. 08-61260-CV-ASG

JACK LIEBMAN,

                                                          Petitioner-Appellant,

versus

DEPARTMENT OF CORRECTIONS,

                                                          Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 27, 2011)

Before HULL, WILSON and FAY, Circuit Judges.

PER CURIAM:

Petitioner Jack Liebman appeals the district court's denial of habeas relief

under 28 U.S.C. § 2254.

On March 1, 2000, Liebman pled guilty to various criminal offenses comprising seven different cases in Broward County Circuit Court.[1]  At his sentencing hearing on March 30, 2000, Liebman personally requested and was granted leave to change his pleas from "guilty" to "no contest."[2]  Prior to accepting the change, the trial court advised Liebman that the effect of no-contest pleas would essentially be the same as guilty pleas.  Liebman indicated that he understood as much and that he was "hoping it [would] be the same," as he did not want to "inconvenience the Court, or upset anyone."  Following the change, the trial court sentenced Liebman as a habitual offender to various concurrent terms of imprisonment, the longest being thirty years.

Following state appellate and post-conviction proceedings, Liebman challenged his conviction in the Southern District of Florida, claiming, among other things, that his pleas were involuntary as the result of ineffective assistance of counsel.  According to Liebman, he was under the influence of the psychotropic antidepressant, Elavil, during his plea proceedings.  In particular, Liebman alleged that counsel knew he was under the influence of a double dose of the drug on the

---

[1]  Liebman's pleas were "open" and not pursuant to any plea agreement.

[2]  According to Liebman's brief, Liebman asked his counsel to implement the change. When counsel refused, Liebman addressed the court directly.

day he changed his plea to no contest, but that counsel neglected to inform the court. Liebman claims that, had the court been so informed, the outcome of his proceeding would have been different, in that the court would have rejected his pleas as involuntary. Following a categorical denial of relief below, we granted Liebman leave to appeal a single, narrow issue:

> Whether the state court made a decision that was contrary to, or an unreasonable application of, clearly established federal law or made an unreasonable determination of fact when it found that counsel was not ineffective for failing to raise concerns about Liebman's competency to be sentenced due to his mental condition prior to and during the March 30 sentencing hearing and the increased dosage of his psychotropic medication on the morning of the sentencing hearing.

Because we decide that Liebman has failed to demonstrate the requisite prejudice under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), we affirm the district court's denial of habeas relief.

We begin by noting that, in our order granting Liebman's Certificate of Appealability, we specifically rejected Liebman's contention that the state court unreasonably determined that his March 1 guilty pleas were voluntary. Those pleas followed two separate mental competency evaluations, as well as a thorough plea colloquy. Consequently, in evaluating Liebman's ineffective-assistance claim, we limit our determination of whether Liebman can show *Strickland*

3

prejudice to the events that followed his initial guilty plea.

To demonstrate prejudice under *Strickland*, Liebman must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694, 104 S. Ct. at 2068. In the context of an ineffective-assistance challenge to the voluntariness of a guilty or no-contest plea, Liebman must show there is "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985). Particularly in light of his prior, voluntary guilty plea, we believe Liebman can show no such reasonable probability.

In a summary order, Liebman's state post-conviction court disposed of his various claims on the merits "for the reasons stated in the State's Response" to Liebman's petition, triggering the Antiterrorism and Effective Death Penalty Act's restrictions on federal habeas relief. *See* 28 U.S.C. § 2254; *see also Harrington v. Richter*, No. 09-587, 2011 WL 148587, at *9 (U.S. Jan. 19, 2011) (concluding that the summary nature of a state court's decision does not lessen the deference that it is due); *Wright v. Sec'y for Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir. 2002) (same). We need not reach any of Liebman's arguments about performance issues because, even if we assume, *arguendo*, that Liebman's counsel performed

4

deficiently by failing to alert the court that his client was under the influence of medication,[3] Liebman has not made an adequate showing of prejudice to warrant further proceedings. *See Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[A] court need not address the performance prong of [*Strickland*] if the defendant cannot meet the prejudice prong, or vice versa." (internal citation omitted)).

We agree with the district court that the facts do not show Liebman's original March 1 guilty plea was constitutionally deficient. Liebman has failed to explain how he was prejudiced by the events thereafter, except to baldly assert that, but for counsel's errors, he would not have pled guilty and instead gone to trial. Though it is certainly possible that Liebman's state of mind may have deteriorated in the interim between his plea colloquy and his sentencing hearing such that counsel should have intervened when Liebman attempted to change his plea,[4] we see little, if anything, in the record to suggest any such deterioration or resulting

---

[3] Because Liebman has never been afforded an evidentiary hearing, the record is silent on what his counsel actually knew relating to Liebman's medication. However, even if Liebman's allegations are true, they would not necessarily result in our finding deficient performance. *See Miles v. Stainer*, 108 F.3d 1109, 1113 (9th Cir. 1997) ("Assuming arguendo that [counsel] had reason to doubt his competence on the day of the guilty plea, we are not willing to say that her failure to bring the matter to the court's attention—which would jeopardize the plea bargain, against her client's wishes—is a transgression that violates *Strickland*'s 'strong presumption' of reasonable conduct.").

[4] A defendant's mental competency is not static. *See Indiana v. Edwards*, 554 U.S. 164, 175, 128 S. Ct. 2379, 2386 (2008) ("Mental illness itself is not a unitary concept. It varies in degree. It can vary over time. It interferes with an individual's functioning at different times in different ways.").

harm.  During the sentencing hearing, Liebman himself stated, "I do not wish in any means [sic] to inconvenience or burden the courts with any trials that I don't think I can win with any defense."[5]  In short, Liebman simply fails to make a plausible case that, but for his alleged incapacitation and counsel's errors, he would have insisted on going to trial.  Even assuming the truth of an alteration in his Elavil consumption, Liebman has illuminated no reasons that his plea calculus changed or would have changed from the time he voluntarily pled guilty until the time that he altered that plea to no contest.[6]

Liebman attempts make his prejudice case by pointing to a portion of the sentencing hearing transcript where he told the court, "I wish to withdraw my guilty plea *in order to reserve my right to appeal*, entering pleas of no contest" (emphasis added).  Since, absent a preservation agreement, no material differences exist in a defendant's appellate rights after a no-contest plea versus a guilty plea, we interpret Liebman's argument to contend that this confusing statement

---

[5]  This statement occurred while Liebman was allegedly under the influence of the increased dose of Elavil, so we are loath to give it much weight in evaluating Liebman's state of mind.  However, it is somewhat probative.

[6]  Additionally, he has shown no prejudice that might have arisen solely from the fact that his conviction followed from a plea of no contest versus a plea of guilty, and we can think of none. *See United States v. Caraway*, 474 F.2d 25, 28 (5th Cir. 1973) ("Under normal circumstances, a plea of nolo contendere is the legal equivalent of a guilty plea and a waiver of all nonjurisdictional defects."), *vacated on other grounds*, 483 F.2d 215 (5th Cir. 1973) (en banc) (per curiam).

6

demonstrates that, had he been of sound mind, Liebman would have pursued a course of pleading that would have preserved broader appellate rights: *viz.*, taking his case to trial. Leaving aside any issues related to the fact that Liebman was not necessarily entitled to withdraw a constitutionally made guilty plea, we find this argument unavailing.

Though such a statement might indicate Liebman misunderstood the consequences of his no-contest plea, such a subjective misunderstanding alone is not necessarily sufficient to render his plea involuntary. *Cf. United States v. Plain*, 748 F.2d 620, 622 (11th Cir. 1984) (per curiam). Furthermore, to the extent that this misunderstanding should have alerted counsel and the court to some possible cognitive defect in Liebman's mental process, Liebman has failed to indicate exactly which appellate issues he wished to preserve such that, had he known his appellate rights under an open no-contest plea were severely limited, he would have chosen instead to take his case to trial. In other words, while his statement at the sentencing hearing might be probative of his attorney's performance, without more, it stops short of demonstrating prejudice.

At its core, *Strickland* is designed to help us identify and reverse judgments where an attorney's error has undermined our confidence the case's outcome. *See* 466 U.S. at 694, 104 S. Ct. at 2068. Here, we are confident that Liebman's case

was properly resolved.

**AFFIRMED.**